IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: § § **Cogent Energy Services, LLC,** § § **Debtor.** § § | | **Case No. 23-33659** **Chapter 7** |
| **Andreina Gamez Rodriguez,** § § § **Plaintiff** § § **v.** § § **Hector Fuentes, Cogent Energy** § **Services LLC, and Cogent Energy** § **Holdings, LLC, et al.,** § § **Defendants/Counter Claimants.** § | | **Adv. No. 23-03212** |

### PLAINTIFF'S MOTION TO REOPEN DISCOVERY

> THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE OUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.
>
> REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.

TO THE HONORABLE JUDGE MARVIN ISGUR:

Plaintiff Andreina Gamez Rodriguez ("**Plaintiff**") files this Motion to Reopen Discovery ("**Motion**"), and respectfully shows the Court as follows:

## SUMMARY OF ARGUMENT

1. For two years, certain defendants, including, Hector Fuentes, Cogent Energy Services, LLC, Cogent Energy Holdings, LLC, Nelson Drake, and Charles Erwin engaged in vexatious and abusive discovery tactics as well as scheduling and procedural gamesmanship resulting in the delay of discovery in the underlying case. Plaintiff diligently sought the necessary discovery before the end of the discovery period, but she was prevented from obtaining critical information and evidence available only to defendants. Good cause exists to reopen discovery and Plaintiff requests this Court reopen discovery for the limited purpose of conducting fact witness depositions.

## JURISDICTION, VENUE, AND CONSTITUTIONAL AUTHORITY

2. The Court has jurisdiction over this proceeding pursuant to 28 U.S.C. § 1334. This Application is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

3. The statutory bases for the relief requested herein are 11 U.S.C. §§ 105 of the Bankruptcy Code,[1] and Rule 7026 of the Federal Rules of Bankruptcy Procedure and Rule 9013-1 of the Local Rules[2] and Rule 26 of the Federal Rules of Civil Procedure.

4. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## FACTUAL BACKGROUND

5. This is a fraud and Texas Securities Act violation case arising out of claims alleged in the lawsuit entitled *Andreina Gamez Rodriguez v. Cogent Energy Services, LLC, et al.*, Cause No. 2020-80409 in the 281st Judicial District Court of Harris County, Texas (the

---

[1] Any reference to "**Code**" or "**Bankruptcy Code**" is a reference to Title 11 of the United States Code, and any reference to "**Section**" or "**§**" refers to the corresponding section in Title 11, unless stated otherwise.

[2] Any reference to "**Rules**" or "**Bankruptcy Rules**" is a reference to the Federal Rules of Bankruptcy Procedure, unless stated otherwise.

"**State Court Action**") seeking damages arising from Hector Fuentes, Cogent Energy Services, LLC, Cogent Energy Holdings, LLC, Nelson Drake, Charles Erwin, Lindsayca Inc., Chrisman Acquisition LLC, and CE Partnership's ("**Defendants**") inducement of Plaintiff's monies into Cogent Energy Services, LLC and Cogent Energy Holdings, LLC ("**Debtor**").

6.   Defendant requested Plaintiff and her husband's depositions in July 2022. Plaintiff's counsel informed Defendants' counsel that Plaintiff was in Venezuela and could not return to the United States due to the passport office's closure. Defendants expressed their desire to wait until Plaintiff returned to the United States, so an in person rather than a Zoom deposition could be conducted.  At that time, the Parties had a pending trial date of December 2022.  Due to the unavailability of Plaintiff, Plaintiff filed a motion for continuance of the trial date.

7.   During this time, Plaintiff attempted to obtain corporate, financial, accounting, and tax records from Defendants which are central to Plaintiff's claims. Specifically, her claim is based on tracing money, which involves deep financial analysis and expert opinion. Plaintiff requested written discovery regarding any financial documentation related to Plaintiff.  In response, Fuentes produced 5,008 pages of emails and some financial documents.  These documents only contained emails correspondence and limited financial information for Cogent.  The documents did not contain Debtor's complete and essential financial information related to bank records, accounts receivable, and balance sheets to name a few.

8.   Based on the documents obtained from Fuentes, Plaintiff joined Charles "Chet" Erwin ("**Erwin**") in her Second Amended Petition and then joined five parties in her Third Amended Petition. Not only are the additional parties responsible for Plaintiff's loss, they are also shareholders and corporate officers who may have records relevant to the litigation.

9.      Plaintiff also requested discovery related to Debtor's financial information from David Gutierrez (Debtor's former CFO), Chet Erwin (Debtor's CEO), Steve Gill ("**Gill**") (a Debtor member), and Diana Singson (Debtor's former legal counsel).  Gill was the only Defendant who produced any documentation.  Gill produced 327 pages of documentation that did not include Debtor's complete financial records, including but not limited to, bank records, accounts receivable, and balance sheets.  Defendants claimed that no one had any documents related to Debtor despite being members and officers for the company.  Next, Plaintiff issued a subpoena duces tecum on Chiron, Forshey Prostok LLP, Pannel Kerr Forster ("**PKF**"), PNC Financial Services Group, Prosperity Bank, Wells Fargo, and Wendler—Debtor's accountants, financial advisors, and where bank accounts were held.

10.     Plaintiff returned to the U.S. at the end of August 2022.  The parties attempted to schedule Plaintiff and her husband's depositions for October 2022.  At a hearing on October 19, 2022, the State Court Action was preferential set on October 16, 2023, and the parties agreed to submit an agreed docket control order.  The agreed docket control order set the discovery deadline for September 18, 2023.

11.     At that time, Plaintiff's counsel requested deposition dates for all Defendants and fact witness, Ruben Figuera, and proposed alternating the depositions.  In an effort to accommodate all schedules, parties' counsels met over Zoom on June 30, 2023, to discuss deposition dates and a proposed order of depositions.  Based on that meeting, the following list of witness depositions and available dates was created:

**Deponents:**

- Andreina Gamez Rodriguez
- David Gutierrez

- Luis de Leon
- Ruben Figuera
- Nelson Drake
- Steve Gill
- SRG Group's Corporate Representative
- Charles "Chet" Erwin
- C.E. Partnership's Corporate Representative
- Hector Fuentes
- Chrisman Acquisitions, Inc.'s Corporate Representative
- Diana Singson

**Deposition Dates:**

- July 18 – Andreina Gamez Rodriguez
- July 19 – David Gutierrez (following confirmation)
- August 15 – Luis De Leon (following confirmation)
- August 16, 18, or 21 – Ruben Figuera (following confirmation, Attorney Kevin Powers in trial)
- August 21, 22 – Available for most parties (Attorney Harris Wells in trial 8/21 – 9/8)
- August 28, 29, 30, 31 – Available for most parties (Attorney Harris Wells in trial 8/21 – 9/8)
- September 13, 14, 15 – Available for all parties

12. Plaintiff's deposition was noticed for July 18, 2023. This left Plaintiff with an unreasonably short time to conduct at least 10 party depositions, fact witness depositions, and expert depositions.

13. Plaintiff requested to take David Gutierrez or Chet Erwin's deposition next on July 19, 2023, but neither party was available. Gutierrez's deposition finally took place on August 15, 2023. Mr. De Leon's deposition took place on August 23, 2023. After Defendants obtained their desired depositions, Defendants became unresponsive to Plaintiff's requests for deposition dates even after agreeing to tentative dates on the June 30, 2023 conference call. When Plaintiff served deposition notices Defendants filed motions to quash the notices leaving Plaintiff without deposition dates.

14. To further complicate discovery, during this time Plaintiff attempted to gather Debtor's financial documents from third parties. As discussed above, all parties claimed they did not have the financial records. Most of the third parties complied with the subpoenas and produced documents. PKF, Cogent's accountant from 2017 until 2019, refused to release the documentation without Erwin's consent. PKF made efforts to obtain Erwin's consent, but Erwin did not consent. Plaintiff was forced to seek the Court's intervention to obtain the records. The Court ordered the accounting firm to release the documents. On September 20, 2023, after the close of discovery, Plaintiff received 18,051 pages of documents from PFK including the financial information and documentation that Plaintiff requested from Defendants several times. Unfortunately, Plaintiff was forced to depose Gutierrez, Fuentes, and Drake without the benefit of having these records.

15. Plaintiff also moved to compel the production of additional documents from Fuentes regarding Debtor's financial records. After conferring with Fuentes' counsel, Fuentes produced additional documents the month prior to the close of discovery despite previously indicating he had no documents. Specifically, Fuentes produced 52 documents on August 10, 2023, 135 documents on August 14, 2023, 79 documents on August 31, 2023, 297 documents on September 18, 2023, and 262 documents on September 29, 2023. This production included highly relevant emails between the Defendants discussing Cogent's financial status in the months leading up to Plaintiff's investment. This production also included the signed company agreement that had been requested on numerous occasions.

16. Plaintiff diligently sought discovery but hit a roadblock each time she requested a deposition date or written discovery. After Defendants obtained their requested depositions, they failed to cooperate with Plaintiff to schedule the depositions she previously requested.

Further, Plaintiff requested and compelled Debtor's corporate and financial documentation, which is crucial to the understanding of Debtor's operations and finances and was told by Defendants that they produced all documents in their possession and did not have the requested documentation. However, a month before the close of discovery Defendants produced additional documentation that included the requested corporate documentation, and finally Debtor's former accountants produced thousands of pages of highly relevant documentation after the close of discovery. Due to Defendants' actions, Plaintiff was forced to depose Debtor's former CFO David Gutierrez, Hector Fuentes, and Nelson Drake without adequate records. Defendants unnecessarily delayed the scheduling of depositions and ability of Plaintiff to obtain Debtor's corporate and financial records. Given Defendants' conduct, Plaintiff should be allowed to obtain the depositions of Chet Erwin, CE Partnership's corporate representative, Steve Gill, SRG Group's corporate representative, Diana Singson, and Ruben Figuera to identify additional relevant information related to the produced documents.

## ARGUMENT

A. **LEGAL STANDARD.**

17. Rule 16(b)(4) provides that once a scheduling order is entered, it "may be modified for good cause and with the judge's consent." Fed. R. Bankr. P. 7016; Fed. R. Civ. P. 16(b)(4). The Rule recognizes that "the parties will occasionally be unable to meet [deadlines] because scheduling order deadlines are [generally] established relatively early in the litigation." *O'Connell v. Hyatt Hotels of P.R.*, 357 F.3d 152, 154 (9th Cir.2004). As a result, the Court may extend a scheduling order deadline upon a showing of good cause. Good cause requires that "the 'party seeking relief ... show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension.'" *S & W Enters. LLC v. Southtrust*

*Bank of Ala.*, 315 F.3d 533, 535 (5th Cir.2003) (quoting 6A CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1522.1 (2d ed.1990)), *see also* Fed. R. Civ. P. 16 advisory committee's notes (1983 amendment).

18. "In determining whether the movant has met its burden under Rule 16(b)(4), the court considers four factors: (1) the party's explanation, (2) the importance of the requested relief, (3) potential prejudice in granting the relief, and (4) the availability of a continuance to cure such prejudice." *Cartier v. Egana of Switz. (Am.) Corp.*, 2009 WL 614820, at *3 (N.D. Tex. Mar. 11, 2009) (citing Fed. R. Civ. P. 16(b)(4)). The court considers the four factors holistically and "does not mechanically count the number of factors that favor each side." *EEOC v. Serv. Temps, Inc.*, 2009 WL 3294863, at *3 (N.D. Tex. Oct. 13, 2009), affd, 679 F.3d 323 (5th Cir. 2012).

**B. REOPENING DISCOVERY IS PROPER BECAUSE GOOD CAUSE EXISTS.**

19. Plaintiff sought the requested depositions prior to the close of discovery but Defendants thwarted Plaintiff's efforts until discovery was closed. Plaintiff made a diligent effort to depose the requested witnesses by noticing and scheduling the depositions before the end of the discovery period. Good cause exists to reopen discovery to allow Plaintiff to obtain these depositions. None of the parties will be prejudiced and this Court should grant Plaintiff's motion.

20. Good cause is defined as "the moving party's diligence in attempting to meet the case management order's requirements," while a secondary consideration is the possibility or absence of prejudice to the opposing party. *Inge v. Rock Financial Corporation*, 281 F.3d 613, 625 (6th Cir. 2002); *Cheatham v. Secretary of the U.S. Dep't of Housing and Urban Dev.*, 2009 WL 1122035, *3 (E.D. Mich. Apr. 24, 2009). Good cause may be liberally construed,

and "[a] party seeking discovery meets this standard by demonstrating that it could not reasonably meet its deadline despite diligent efforts." *Export-Import Bank of U.S. v. Asia Pulp & Paper Co., Ltd.*, 233 F.R.D. 338, 342 (S.D. N.Y. 2005). A motion to re-open discovery should also be granted when the opponent tries to run out the discovery period clock. *Id.* at 343.

21. Defendants delayed responding to Plaintiff's timely requests to depose key witnesses while discovery was still open. Defendants agreed to the depositions requested by Plaintiff but refused to cooperate with Plaintiff in scheduling these depositions. Plaintiff made numerous requests and attempted to work with Defendants to schedule these depositions. Out of an abundance of caution, Plaintiff also noticed the requested depositions at the dates that worked for most of the attorneys when the discovery deadline was fast approaching. These notices were immediately met with motions to quash within the time for automatic quashing without providing additional dates. *Spacecon Specialty Contractors, LLC v. Bensinger*, 2010 WL 4823056, *4 (D. Colo. Nov. 15, 2010) (finding good cause to re-open discovery due to the deponent's obstructionism in moving to quash the subpoena even though the deposition was scheduled near the close of discovery). Despite Plaintiff's diligent effort to obtain the deposition testimony before the end of the discovery period, Defendants' delaying tactics denied Plaintiff the opportunity to conduct these depositions before the close of discovery.

22. Further, Plaintiff did not receive Defendants' full document production until after the close of discovery. This delay was solely caused by Defendants as Plaintiff continually requested Cogent's financial documentation and timely subpoenaed third parties for Cogent's financial records.

23. Plaintiff used due diligence in meeting the deadlines. Defendants' delay in producing key documents and allowing Plaintiff to obtain records from third parties made up the bulk of the time allocated for the parties to complete discovery. Defendants' delay made it impossible for Plaintiff to complete discovery in advance of the deadline.

24. Further, as mentioned above, there is still key discovery for the parties to undertake. In order to get a full picture of Debtor's operations and financial status at the time of Defendants' fraudulent inducement of Plaintiff, Plaintiff must: (1) depose Defendant Chet Erwin and his company CE Partnership regarding his role as CEO of Cogent, the financial information known to him at the time Plaintiff transferred money to Cogent, and Cogent's financial documentation produced thus far; (2) depose Steve Gill and SRG Group regarding his role as a member of Cogent and his knowledge of Cogent's financial status at the time Plaintiff transferred money to Cogent; (3) depose Diana Singson regarding her role as legal counsel for Cogent and continue her deposition held in August 2022; and (4) depose Ruben Figuera regarding his role at Cogent when Plaintiff transferred her money to Debtor..

25. Defendants will be hard-pressed to argue inconvenience or prejudice in re-opening discovery in this case since it is Defendants' own delay that necessitated the request to reopen discovery. More importantly, Defendants will not suffer any prejudice. The parties agreed to a trial in September 2024. Defendants are requesting to take Fribourg's corporate representative's deposition and are seeking documentation related to Fribourg. Additionally, both parties agreed to conduct expert discovery by July 15, 2024. There is clearly a need on both sides to complete discovery. Defendants initially agreed to Plaintiff's requested depositions and will have equal opportunity to question the deponents when their depositions occur.

## CONCLUSION

The above issues can be cured by reopening of discovery for the purposes of completing key witness depositions and conducting written discovery for key documents related to Debtor's financial condition. Defendants delayed discovery in this case and jammed Plaintiff into conducting key depositions within a limited amount of time prejudicing Plaintiff. Defendants cannot thwart Plaintiff's discovery efforts while simultaneously obtaining their discovery and arguing that discovery is closed. This Court should reopen discovery so that Plaintiff has sufficient time to complete discovery.

Dated:  December 11, 2023          Respectfully submitted,

                                                               **CHAMBERLAIN, HRDLICKA, WHITE,**
                                                                    **WILLIAMS & AUGHTRY, P.C.**

By: */s/ David N. Calvillo*
David N. Calvillo
Texas Bar No. 03673000
Tara T. LeDay
Texas Bar No. 24106701
1200 Smith Street, Suite 1400
Houston, Texas 77002
D: 713.356.1280
E: david.calvillo@chamberlainlaw.com
   tara.leday@chamberlainlaw.com

## CERTIFICATE OF SERVICE

I certify that on January 2, 2024, I caused a copy of the foregoing Motion to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas, including the following parties:

SUSMAN GODFREY L.L.P.
| | |
|---|---|
| William R. H. Merrill | bmerrill@susmangofrey.com |
| Daniel Wilson | dwilson@susmangodfrey.com |
| Armando Lozano | alozano@susmangodfrey.com |

BURFORD PERRY LLP
| | |
|---|---|
| M. Kevin Powers | kpowers@burfordperry.com |
| | service@burfordperry.com |

| | |
|---|---|
| Mark L. Carlton | mark@carltonlaw.net |

*/s/ David N. Calvillo*
David N. Calvillo