## UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § § | |
| Cogent Energy Services, LLC, | § § | Case No. 23-33659 |
| Debtor. | § § | Chapter 7 |
| Andreina Gamez Rodriguez, | § § § | |
| Plaintiff | § § | |
| v. | § § | Adv. No. 23-03212 |
| Hector Fuentes, Cogent Energy Services, LLC, and Cogent Energy Holdings, LLC, et al., | § § § § | |
| Defendants/Counter Claimants. | § | |

### FUENTES DEFENDANTS' OPPOSITION TO
### PLAINTIFF'S MOTION TO REOPEN DISCOVERY [DKT. 37]

After litigating this case for *three years*, engaging in extensive discovery, filing motions for summary judgment, and removing her case to federal court on the eve of trial, Andreina Gamez Rodriguez ("Plaintiff") moves this Court to re-open discovery to allow her to take an additional six fact depositions. The Plaintiff had substantial time and opportunity to conduct discovery but simply failed to do so.  She cannot show good cause to re-open discovery. Defendants/Counter-Claimants Hector Fuentes and Nelson Drake ("Fuentes Defendants") and Counter-Claimants Lindsayca Inc. and Chrisman Acquisition, LLC ("Fuentes Counter-Claimants") (collectively, the "Fuentes Parties") oppose Plaintiff's Motion to Reopen Discovery [Dkt. 37] ("Motion"). The Court should deny the Motion.

### FACTUAL BACKGROUND

On December 15, 2020, Plaintiff sued various individuals and entities based on an alleged

failed investment in a coil-tubing company named Cogent Energy Services, LLC ("Cogent"). She alleges that she was defrauded into investing in Cogent by numerous individuals and companies, including the Fuentes Defendants. Since filing her Original Petition, and despite continuously adding parties and claims to that petition, the Plaintiff has consistently *refused* to identify the misrepresentations she alleges she relied on when investing in Cogent. And she has *refused* to provide basic information about these alleged misrepresentations, including which of the defendants made each alleged misrepresentation and when. The State Court saw through the Plaintiff's meritless case and granted summary judgment on almost all of her claims. The Plaintiff is now on her <u>sixth</u> amended complaint and has failed to properly allege any oral misrepresentations made by the Fuentes Defendants that could support her claims.[1]

On November 16, 2022, the State Court entered an amended docket control order ("DCO") setting September 18, 2023 as the close of fact discovery. Exh. 1. While the Fuentes Defendants diligently pursued discovery to comply with that deadline, the Plaintiff did not request depositions of the 10 defendants/entities until the last few months of the discovery period. By contrast, the Fuentes Parties began asking for depositions as early as July 2022. *See* Exh. 2 at 2-3. The Plaintiff began to schedule the depositions of her 10 witnesses (not including experts) almost a year later, during a meet and confer on Friday June 30, 2023. *See* Exh. 3 at 7. The Plaintiff's delayed request left 2.5 months to schedule and take at least 10 depositions. Despite the Plaintiff's dilatory conduct, the relevant parties provided dates for their depositions, including for all the depositions she now seeks,[2] but the Plaintiff refused to accept those dates. Worse yet, the Plaintiff demanded that the

---

[1] The Plaintiff's deficient pleading is the subject of an upcoming motion to dismiss to be filed by the Fuentes Defendants on January 22, 2024.
[2] The Motion requests "the depositions of Chet Erwin, CE Partnership's corporate representative, Steve Gill, SRG Group's corporate representative, Diana Singson, and Ruben Figuera." Mot. at 7. It does not request reopening discovery for all purposes.

depositions occur in her preferred order and refused to take depositions based on witness availability. Exh. 4 at 14-15 (listing preferred "order of depos"). Plaintiff's unreasonable and arbitrary requirement caused multiple open deposition dates to be squandered in order to "wait" to take certain depositions first. The Plaintiff also did not provide corporate representative topics for corporate depositions, even though she was repeatedly asked for those topics as early as May 2023. Exh. 5.

On October 20, 2023, the Plaintiff filed her first complaint in this Court (though it is her *sixth* amended complaint). In her Rule 26(f) status report, the Plaintiff alleged that "there is discoverable information held with certain Defendants and fact witnesses that have yet to be deposed." Exh. 6 at 7. At the scheduling conference held on December 21, 2023, counsel for the Plaintiff again reiterated the Plaintiff's position that "there were a number of factual depositions that [she was allegedly] not allowed to conduct." Dkt. 35 (Audio File). At the same time, the Plaintiff conceded that discovery closed[3] prior to removal to federal court for the fact depositions she seeks.[4] As the Court explained at the scheduling conference, in the absence of good cause the Court would "not expand[] discovery from what was already closed" prior to removal.[5]

Pursuant to the Court's guidance, the Plaintiff filed her Motion on January 2, 2024.

## LEGAL STANDARD

Bankruptcy Rule 7016 dictates that Federal Rule of Civil Procedure 16 "applies in

---

[3] The Fuentes Parties have a pending motion to compel additional discovery from the Plaintiff, including documents and communications related to the Plaintiff's investments and a corporate deposition of Fribourg Consultant Corp. Discovery related to those matters is open, given the Fuentes Parties efforts to seek that discovery before the period closed.

[4] In response to the Court asking, "Do you think that discovery was closed?" Plaintiff's counsel responded "Yes it was. It was." Dkt. 35 (Audio File).

[5] The scheduling order includes a discovery cut-off date, but as the Court noted at the hearing, that date was included subject to the Court's "understanding that there may be a dispute as to whether discovery on certain issues has been closed . . . the parties are free to contest discovery on a matter for which discovery was no longer allowed on the date this was removed." Dkt. 35 (Audio File). As the Plaintiff concedes, the discovery she seeks is untimely because the discovery period closed prior to removal as to those fact depositions.

3

adversary proceedings." Fed. R. Bankr. P. 7016. Under Rule 16, a scheduling order may be modified "only for good cause and with the judge's consent." Fed. R. Civ. P. 16. "The good cause standard requires a party to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." *Filgueira v. U.S. Bank Nat'l Ass'n*, 734 F.3d 420, 422 (5th Cir. 2013). "In the Fifth Circuit, the factors relevant to good cause include: (1) the explanation for the failure to timely meet the scheduling order deadline; (2) the importance of the modification; (3) potential prejudice in allowing an extension to the deadline; and (4) the availability of a continuance to cure potential prejudice." *Villanueva v. Wal-Mart Real Estate Bus. Tr.*, No. 5:21-CV-35, 2022 WL 19978295, at *2 (S.D. Tex. Oct. 7, 2022).

## **ARGUMENT**

The Plaintiff cannot show that the already-passed discovery deadline "[could not] reasonably [have been] met despite the diligence of the [Plaintiff]." *Filgueira*, 734 F.3d at 422. The good cause factors weigh against allowing the Plaintiff to take six additional fact depositions. First, she has provided no reasonable explanation for her failure to take these depositions prior to removal. Her Motion makes no attempt to justify her dilatory discovery conduct, and she fails to explain to the Court that she (1) has already taken the deposition of Diana Singson; (2) settled with Diana Singson, Steve Gill, and SRG Group in exchange for their providing allegedly "truthful" sworn statements that the Plaintiff was able to draft herself; and (3) was offered deposition dates for each deposition she seeks and refused those dates. Further, the Motion fails to identify any reason why the depositions are important to the claims that remain in dispute, each dealing with the allegedly fraudulent oral misrepresentations of individuals who have already been deposed. After three years of litigating her meritless claims, the Plaintiff has no evidence to support her allegations. The cost and time associated with preparing for and attending six depositions would

4

be extremely prejudicial to the Fuentes Parties. The Court should deny the Motion.

1. **The Motion is littered with factual inaccuracies.**

The Plaintiff's Motion—supported by only lawyer argument and no evidence—contains factual inaccuracies, many of which are not relevant to the relief that the Plaintiff seeks. The Fuentes Parties respond to some of the most egregious claims below.

- The Fuentes Parties never "refused to cooperate with Plaintiff in scheduling [] depositions." Mot. At 9.

The Plaintiff readily admits that despite filing suit in December 2020, she began attempting to schedule *10 depositions* (not including experts) almost three years later, on June 30, 2023, *with less than three months left in the discovery period*. Mot. At 4 ("[P]arties' counsels met over Zoom on June 30, 2023, to discuss deposition dates and a proposed order of depositions."). The Plaintiff also admits that the Fuentes Parties acted diligently in requesting their own depositions *a year earlier*. Mot. At 3 ("Defendant requested Plaintiff and her husband's depositions in July 2022."); *see also* Exh. 2 at 3. It was not the fault of the Fuentes Parties that the Plaintiff was allegedly "jammed . . . into conducting key depositions within a limited amount of time," Mot. At 11, the tight schedule was of her own making.

Despite Plaintiff's dilatory conduct, the attorneys representing the individuals and entities that the Plaintiff now seeks to depose offered deposition dates prior to the discovery cutoff. But the Plaintiff refused those dates or failed to respond to the offers. *See, e.g.,* Exh. 7 at 1 (Erwin's counsel offering September 7 and September 8); Exh. 4 at 2 (Gill and SRG counsel offering September 14); Exh. 8 (Figuera counsel offering September 13 or September 14). When the Plaintiff sought corporate depositions, the relevant entities requested deposition topics as required under the Texas Rules of Civil Procedure. For example, the Fuentes Parties requested corporate

5

representative topics as early as May 25, 2023. Exh. 5. The Plaintiff *never* provided corporate deposition topics, even after requesting topics again on July 14, July 19, July 25, August 1, August 8, August 16, and August 18. Exh. 4 at 1, 4, 11, 18, 22. After the relevant parties offered deposition dates to the Plaintiff, she then unilaterally noticed those depositions for dates she knew the witnesses and/or attorneys were *not* available. *See, e.g.,* Exh. 4 at 3-4 ( "We cannot present Figuera on August 29."); Exh. 9 (noticing Figuera deposition for August 29). The Plaintiff now complains that "Defendants filed motions to quash the notices leaving Plaintiff without deposition dates," Mot. at 5, but those motions were necessitated by Plaintiff's own delay, unreasonable deposition ordering requirements, and noticing depositions on dates she knew were not available.

In sum, there is no support for the Plaintiff's allegation that the Fuentes Parties were uncooperative in scheduling depositions.

- <u>There is no basis for the claim that "Plaintiff did not receive Defendants' full document production until after the close of fact discovery," and Plaintiff's allegation is irrelevant to discovery she now seeks.</u>

The Fuentes Parties produced thousands of pages of documents in this matter. The last of those substantive productions[6] was during the discovery period.[7] To the extent the Plaintiff implies that it is the fault of the *Fuentes Parties* that she has allegedly been unable to collect *Cogent's* "complete and essential financial information," that blame is misplaced. The Fuentes Parties have fully complied with their discovery obligations and do not have (and therefore could not have

---

[6] By agreement with the Plaintiff, the Fuentes Parties produced redacted attorneys' fees related documents after the close of fact discovery. These documents are not relevant to the substance of the Plaintiff's claims in her complaint.

[7] The Plaintiff's Motion claims that "Fuentes produced 52 documents on August 10, 2023, 135 documents on August 14, 2023, 79 documents on August 31, 2023, 297 documents on September 18, 2023, and 262 documents on September 29, 2023." Mot. at 6. It is not clear how the Plaintiff arrived at those numbers, but they are grossly inaccurate. For example, on August 10, the Fuentes Parties produced the Plaintiff's first amended complaint from a related case (one document). On August 14, the Fuentes Parties produced the Plaintiff's motion for summary judgment (one document). And nothing in those productions would have been useful in depositions because the Plaintiff already knew the information she filed in her own complaint and summary judgment motion.

6

produced) certain Cogent financial records that the Plaintiff believes exist. *See* Fed. R. Civ. P. 34(a)(1) (discovery may be served for "items in the responding party's possession, custody, or control").

In any event, the Plaintiff's inaccurate allegations regarding document discovery have no bearing on her request for an opportunity to take six fact depositions. She does not (and cannot) claim any alleged document discovery issue somehow supports a particularized need for the depositions of Figuera, Singson, Gill, Erwin, or any related entities.

    **2. <u>Plaintiff has not shown good cause to depose nonparty Ruben Figuera.</u>**

The Plaintiff requested the deposition of Mr. Figuera—a non-party—in June 2023. Counsel for the Fuentes Parties then discovered that Mr. Figuera works at Lindsayca, a former defendant in the case. As such, Mr. Figuera was going to be represented by counsel for the Fuentes Parties at his deposition. Counsel for the Fuentes Parties alerted the Plaintiff to their representation of Mr. Figuera and offered September 13 and 14 for his deposition. Exh. 8. Crucially, the Plaintiff had previously indicated that she was available September 13-15 for depositions. Exh. 4 at 15 (noting dates were "available for all parties").

Despite that offer and the Plaintiff's availability during the time period, the Plaintiff unilaterally served a deposition notice on Mr. Figuera for August 29, 2023, a date that the Plaintiff knew he was not available. Exh. 9; Exh. 4 at 3-4 ("We cannot present Figuera on August 29."). The Plaintiff scheduled the deposition to occur *less than a week* after she noticed it. Exh. 9. The Plaintiff refused to withdraw the notice, and Mr. Figuera was forced to file a motion to quash the deposition. Then, the Plaintiff simply failed to respond to that motion, and the State Court granted it. Exh. 10 (noting that there was "no response on file").

7

The Plaintiff cannot show good cause to reopen discovery to depose Mr. Figuera. As described above, knowing that the discovery period was closing in September, the Plaintiff waited until June to begin scheduling the deposition of non-party Figuera. Counsel for the Fuentes Parties were then retained to represent Mr. Figuera and diligently communicated with the Plaintiff to schedule his deposition. After Mr. Figuera offered two dates to the Plaintiff, she simply refused those dates and instead noticed his deposition for a date that she knew he was not available. Exh. 9. Despite now claiming (with no explanation or support) that this deposition is somehow essential, she failed to respond to the motion to quash and the State Court granted it. Exh. 10.

Based on these facts, the Plaintiff has not shown that her failure to meet the discovery deadline was "despite [her] diligence." *Filgueira*, 734 F.3d at 422. Additionally, she has not shown that any of the factors support the relief she requests. The Plaintiff has provided no support for her contention that counsel for Figuera somehow obstructed his deposition, nor does she explain how the deposition is relevant to the alleged fraudulent statements made by other individuals or entities. *See Villanueva,* 2022 WL 19978295, at *2. Furthermore, reopening discovery would be prejudicial, as it would force the Fuentes Parties to further expend time and resources preparing for and attending the deposition. *Id*. The Plaintiff has already forced the Fuentes Parties (and the State Court) to needlessly use resources by forcing the filing of a motion to quash and then failing to respond to the motion. The Plaintiff has not met her burden to re-open discovery as to the Figuera deposition.

3. **Plaintiff has already deposed nonparty Diana Singson and has not shown good cause to depose her again.**

The Plaintiff deposed Ms. Singson on August 26, 2022. Exh. 11. At that time, Ms. Singson was a non-party, and the Plaintiff spent approximately 43 minutes deposing her, including

8

examining seven exhibits. *Id*. Plaintiff's counsel suspended the deposition because the Plaintiff intended to include Ms. Singson as an additional defendant. The Plaintiff later added Ms. Singson as a defendant.

Almost a year later, the Plaintiff requested an additional deposition of Ms. Singson at the June 2023 meeting. After that meeting, however, the Plaintiff failed to follow up with Singson's counsel for a deposition date. Eventually, the Plaintiff stopped requesting Singson's deposition. *See, e.g.,* Exh. 4 at 3 ("[W]e're still waiting for dates for: Figuera, Gill and his entities, Erwin and his entities" and dropping Singson). The Plaintiff *never* attempted to re-notice a deposition for Ms. Singson. Instead of pursuing Ms. Singson's deposition, the Plaintiff executed a settlement agreement between herself and Ms. Singson on August 31, 2023. *See* Exh. 12. As part of that agreement, Singson agreed to voluntarily communicate with the Plaintiff "within two weeks from the Effective Date of this Agreement . . . and sign a truthful written statement that Plaintiff's counsel may assemble[.]" *Id*. at 2

The Plaintiff now asks the Court to find good cause for extending the discovery period so that she can re-depose Singson after (1) already deposing Singson; (2) failing to pursue a second deposition during the discovery period in order to settle with Singson; (3) already having a contractual right to communicate with Singson's counsel and have her sign an allegedly "truthful written statement" relating to the "claims and defenses at issue in this civil action." Exh. 12 at 2. Under these facts, the Plaintiff has not shown that her failure to re-depose Singson during the discovery period was "despite [her] diligence." *Filgueira*, 734 F.3d at 422. And given Plaintiff's ability to retrieve an allegedly "truthful written statement" from Singson, there is no import to the modification to the scheduling order the Plaintiff requests. *See Villanueva,* 2022 WL 19978295, at *2. Nor has the Plaintiff provided any reasonable explanation for her "failure to timely meet the

9

scheduling order deadline." *Id*. The Plaintiff has not met her burden to re-open discovery as to the Singson deposition.

   4. **Plaintiff has not shown good cause to depose nonparty Steve Gill or SRG Group.**

The Plaintiff requested the deposition of Mr. Gill and SRG in June 2023. After the June 30, 2023 meeting, counsel for Gill and SRG offered a September 14 deposition date. Exh. 4 at 2. Crucially, the Plaintiff indicated that she was available September 13-15 for depositions. Exh. 4 at 15. As with Mr. Figuera, the Plaintiff refused the date and instead unilaterally noticed a deposition for a date on which she knew Mr. Gill was not available. Exh. 13.

Then, on September 4, 2023, the Plaintiff executed a settlement agreement with Gill and SRG Group. Exh. 14. As part of that agreement, Gill and SRG agreed to "meet informally . . . with counsel for Plaintiff . . . within two weeks from the Effective Date of this Agreement . . . and sign a truthful sworn written statement that Plaintiff's counsel may craft[.]" Exh. 14 at 2. If Gill or SRG Group had any relevant information related to this dispute, the Plaintiff presumably had ample opportunity to get that information pursuant to the settlement agreement with Gill and SRG.

The Plaintiff now asks the Court to find good cause for extending the discovery period so that she can depose Gill and SRG after failing to take those depositions during the discovery period and settling with Gill and SRG in exchange for a contractual right to communicate with Gill and SRG and have them sign an allegedly "truthful sworn written statement" relating to the "transactions in question in the litigation." Exh. 14 at 2. Under these facts, the Plaintiff has not shown that her failure to depose Gill or SRG during the discovery period was "despite [her] diligence." *Filgueira*, 734 F.3d at 422. And given Plaintiff's ability to retrieve an allegedly "truthful sworn written statement" from Gill and SRG, there is no import to the modification to the scheduling order the Plaintiff requests. *See Villanueva,* 2022 WL 19978295, at *2. Nor has the

10

Plaintiff provided any reasonable explanation for her "failure to timely meet the scheduling order deadline." *Id*. Indeed, she failed to provide corporate representative topics for SRG despite the Fuentes Parties requesting topics as early as May 2023. Exh. 5. The Plaintiff has not met her burden to re-open discovery as to the Gill and SRG depositions.

5. **Plaintiff has not shown good cause to depose Chet Erwin or CE Partnership.**

The Plaintiff requested the deposition of Mr. Erwin and CE Partnership in June 2023—*three months* before the close of discovery and despite litigating this case since December 2020. After the June 30, 2023 meeting, counsel for Erwin offered September 7 and September 8 deposition dates. Exh. 7. The Plaintiff never responded to those proposed dates. The Plaintiff also failed to respond to numerous requests for corporate representative topics for CE Partnership, including as early as May 2023. Exh. 5.

Under these facts, the Plaintiff has not shown that her failure to depose Erwin or CE Partnership during the discovery period was "despite [her] diligence." *Filgueira*, 734 F.3d at 422. The Plaintiff has not shown that any of the relevant factors support re-opening discovery for these two depositions. She failed to act diligently to "meet the scheduling order deadline," provided no support in the Motion for why deposing Mr. Erwin and CE Partnership are of import to the claims remaining in this action (none of the Plaintiff's claims apply to either Erwin or CE Partnership, as both were granted summary judgment prior to removal), and ordering additional depositions will only further prejudice the Fuentes Parties. *See Villanueva*, 2022 WL 19978295, at *2. The Plaintiff has not met her burden to re-open discovery as to the Erwin and CE Partnership depositions.

## CONCLUSION

The Plaintiff concedes that she allowed the discovery period to close in an action that has already dragged on for more than three years. Now, after removing the case on the eve of trial to

11

federal court, the Plaintiff seeks to re-open discovery to conduct six fact depositions that she did not diligently seek prior to removal. Because the Plaintiff has failed to meet her burden in showing good case to re-open discovery, the Court should deny the Motion.

Dated: January 9, 2024                                       Respectfully submitted,

/s/ *William R. H. Merrill*
William R. H. Merrill
bmerrill@susmangodfrey.com
State Bar No. 24006064
S.D. Admissions No. 23601
Armando Lozano
State Bar No. 24120467
SD. Admissions No. 3725257
Daniel Wilson
dwilson@susmangodfrey.com
State Bar No. 24070859
S.D. Admissions No. 1054891
SUSMAN GODFREY L.L.P.
1000 Louisiana Street, #5100
Houston, TX  77002
Telephone: (713) 653-7807
Facsimile:  (713) 654-6666

*Attorneys for Defendants*
*Hector Fuentes, Nelson Drake*
*Lindsayca Inc. and Chrisman Acquisition LLC*

### CERTIFICATE OF CONFERENCE

Counsel for the Fuentes Parties conferred with counsel for Plaintiff on October 3, 2023 regarding the parties' positions on whether discovery remains open and in a good faith effort to resolve the matters raised by the Plaintiff's Motion, and the Fuentes Parties are opposed as to the relief requested in the Plaintiff's Motion.

/s/ *William R. H. Merrill*
William R. H. Merrill

12

13

**CERTIFICATE OF SERVICE**

I certify that on January 9, 2024, a true and correct copy of this document properly was served on counsel via electronic filing in accordance with the United States Bankruptcy Court, Southern District of Texas Procedures for Electronic Filing.

/s/ *William R. H. Merrill*
William R. H. Merrill