IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § § | |
| **Cogent Energy Services, LLC,** | § § | Case No. 23-33659 |
| Debtor. | § § § | (Chapter 7) |
| Andreina Gamez Rodriguez, | § § § | |
| Plaintiff | § | Adv. No. 23-03212 |
| v. | § § | |
| **Hector Fuentes, Cogent Energy Services LLC, and Cogent Energy Holdings, LLC, et al.** | § § § | |
| Defendants/Counter Claimants. | § | |

**PLAINTIFF'S BRIEF AFFIRMING PLAINTIFF'S STATE COURT PLEADINGS
COMPLY WITH TEXAS PLEADING STANDARDS**

**TO THE HONORABLE JUDGE MARVIN ISGUR:**

Plaintiff Andreina Gamez Rodriguez ("**Plaintiff**") files this *Plaintiff's Brief Affirming Plaintiff's State Court Pleadings Comply with Texas State Court Pleading Standards* ("**Brief**") and respectfully states the following:

**SUMMARY OF ARGUMENT**

1. Texas state court pleadings do not require the level of specificity required by federal court rules. If a defendant wishes to complain about pleading deficiencies, including so-called "group pleadings," a procedural remedy exists under Texas state procedures – "special exceptions." Under established Texas procedural law, a failure to raise the specific deficiencies, schedule a hearing, <u>and</u> obtain a ruling unequivocally waives any complaint about the pleadings. Here, Plaintiff's live pleading at removal was the Fifth Amended Petition to which the defendants did not specially except and did not request a hearing from the state court. In fact, the parties were

1

ready for the preferential trial setting scheduled to begin in September 2023, and no special exceptions were pending. Accordingly, before the case was removed to the federal court system, any perceived pleading deficiencies under Texas law were waived.

2. Although federal rules do not require a plaintiff to replead following removal under Fed. R. Civ. P. 81(c)(2), Plaintiff welcomes the opportunity to replead and requests leave to do so now that this case is pending in federal court.

## BRIEFING ORDERED

3. This Honorable Court ordered the parties to show the following:

```
22 to re-plead, and I want to know what the requirements were in
23 the State Court pleading, did group pleading work in the State
24 Court, and what notice was given that their current pleadings
25 in State Court were inadequate.[1]
```

4. The Court further stated:

```
5 If you had an honest belief that, in fact, this was
6 okay to file a group pleading, and no one was telling you to
7 the contrary, then I probably should allow re-pleading.
8 That's why I want to see what occurred and not just guess at
9 it.[2]
```

## REQUESTED RELIEF

5. Plaintiff requests that the Court find that Plaintiff's pleadings were sufficient under Texas state law or in the alternative, grant her motion for leave to amend her complaint to address any insufficiencies in her pleadings under federal law.

### I.   PLAINTIFF'S PLEADINGS ARE SUFFICIENT UNDER TEXAS LAW

**A.  Defendants Waived Their Rights to Pleading Complaints under Texas Law.**

---

[1] March 6, 2024, Bankruptcy Court hearing before the Honorable Marvin Isgur (hereafter "Hearing transcript") at 34. A true and correct copy is attached as Exhibit 1.
[2] Exh. 1, Hearing transcript at 38.

2

6.      If a defendant believes he has not received "fair notice" under Texas law, he is required to identify in writing each alleged insufficiency through the procedural mechanism known as a "special exception".[3] If the defendant fails to specifically identify each alleged pleading insufficiency, any insufficiency complaint is waived, even if the pleading is actually defective.[4] Likewise, if the defendant fails to obtain a hearing <u>and</u> a written ruling on their special exception, then any objection to the sufficiency of the pleadings is waived.[5]

7.      A party in a Texas state court who argues the opposing party's pleadings are deficient is required to 1) file special exceptions; 2) request a hearing on those special exceptions; <u>and</u> 3) obtain a written ruling. The purpose of special exceptions is to inform the opposing party of defects in its pleading so that those defects can be cured by amendment.[6] By filing special exceptions, the defendant identifies defects in the opposing party's pleadings that should be remedied before a substantive response is required.[7]

8.      When drafting special exceptions, the defendant must identify the particular part of the plaintiff's pleading it challenges and specifically point out the particular defect, omission, or other insufficiency.[8] Further, a plaintiff's omission of an element of a cause of action is merely a defect in pleading, subject to special exceptions and amendment.[9]

---

[3] Tex. R. Civ. P. 91.
[4] *Twist v. McAllen Nat. Bank*, 248 S.W.3d 351, 362 (Tex. App.--Corpus Christi 2007, mand. denied); *J.K. and Susie L. Wadley Research Institute and Blood Bank v. Beeson*, 835 S.W.2d 689, 693 (Tex. App.--Dallas 1992, writ denied).
[5] *Davis v. Angleton Indep. Sch. Dist.*, 582 S.W.3d 474, 480 (Tex. App.—Houston [14th Dist.] 2018, pet. denied)(emphasis added); *Shelton v. Kalbow*, 489 S.W.3d 32, 54 n.28 (Tex.App. –Houston [14th Dist.] 2016, pet. denied); See also *McAllister v. Samuels,* 857 S.W.2d 768 (Tex. App. – Houston [14th Dist.] 1993);
[6] See *Horizon/ CMS Healthcare Corp. v. Auld*, 34 S.W.3d 887, 897 (Tex. 2000).
[7] *O'Neal v. Sherck Equip. Co.,* 751 S.W.2d 559, 562 (Tex.App. –Texarkana 1988, no writ).
[8] Tex. R. Civ. P. 91.
[9] E.g. *Peek v. Equip. Serv.,* 779 S.W.2d 802, 805 (Tex. 1989).

9. A failure to file special exceptions, request a hearing, <u>and</u> obtain a court order on those special exceptions is fatal to any allegation that the allegations are insufficient or fail to provide sufficient notice. Such waiver is well-established under Texas law.[10] When pleadings are not challenged by special exceptions, the state court will construe the pleadings liberally in favor of the pleader.[11] The Texas court will look at the pleader's intent and will supply every fact "that can reasonably be inferred from what is specifically stated."[12] Without special exceptions, the Texas court will uphold the pleading even if an element of a cause of action is omitted.[13]

**B. Texas's Lower Pleading Bar Compared To Federal Standards.**

10. Under federal procedure, specific "fact pleading" is required.[14] Under such fact pleading, a plaintiff need only allege enough facts to move the claim across the line from conceivable to plausible, with conclusory allegations disregarded.[15] For example, some courts have required a plaintiff to plead every element of every cause of action in order to demonstrate plausibility.[16] Furthermore, additional specifics are generally required for fraud claims.[17] However, such pleading requirements do not apply to Texas state court pleadings.

11. Texas procedural law, by contrast, requires pleadings to only provide "fair notice."[18] The Texas fair notice standard sets a relatively low bar for pleading. Under the Texas

---

[10] Tex. R. Civ. P. 90; See *Shelton v. Kalbow*, 489 S.W.3d 32, 54 n. 28 (Tex. App. – Houston [14th Dist.] 2016, pet. denied); See also *McAllister v. Samuels,* 857 S.W.2d 768 (Tex. App. – Houston [14th Dist.] 1993) (A party's failure to obtain timely special exceptions hearing and to obtain ruling on exceptions waived any error); See also *RIO Systems, Inc. v. Union Carbide Corp.,* 780 S.W.2d 489 (Tex. App.--Corpus Christi 1989, writ denied)
[11] *Horizon/CMS Healthcare Corp. v. Auld,* 34 S.W.3d 887, 897 (Tex. 2000).
[12] E.g., *Roark v. Allen*, 633 S.W.2d 804, 809 (Tex. 1982) (when defendant did not specially except, plaintiff's general allegations were sufficient).
[13] *Id.*
[14] *Escalante v. Deere & Co.*, 3 F.Supp.3d 587, 589 (S.D. Tex. 2014). Some federal courts and Texas courts use the term "fair notice" to describe the required precision in pleadings, but utilize substantially different meanings.
[15] *Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007).
[16] See, e.g., *Ortiz Torres v. Hospital Matilde Brenes, Inc.*, 250 F.Supp.2d 9, 11 (D.Puerto Rico 2003); *Coffey v. Chattanooga-Hamilton County Hosp. Authority*, 932 F.Supp. 1023, 1024 (E.D. Tenn. 1996).
[17] Fed. R. Civ. P. 9.
[18] *Thomas v. 462 Thomas Family Properties, LP*, 559 S.W.3d 634, 639 (Tex. App.--Dallas 2018, pet. denied).

standard, a petition provides fair notice if an attorney of reasonable competence can ascertain from the pleading the nature and basic issues presented by the controversy and what evidence might be relevant.[19] In other words, "the purpose of the fair notice requirement is to provide the opposing party with enough information to prepare a defense or answer to the defense asserted."[20] Texas procedural law does not require the plaintiff to describe the evidence in detail in its petition.[21]

12. Some Texas state court litigants have requested that Texas courts utilize the federal pleading standard in *Iqbal* and *Twombly* to determine the sufficiency of allegations filed in state court.[22] For example, in *Reaves v. City of Corpus Christi*, the defendant obtained dismissal of the petition by invoking *Iqbal* and *Twombly*.[23] After extensively reviewing both the federal and state law, the appellate court reversed, and held that invoking *Iqbal* and *Twombly* was inconsistent with Texas law, finding "We cannot agree that *Iqbal* is now the rule in Texas, in light of *Iqbal's* incompatibility with well-established Texas pleading principles, as well as our supreme court's continued holding that Texas remains a fair-notice state."[24] The same result was reached in *In re Shire PLC*.[25] If any federal court standard applied in Texas courts, it is the standard contained in *Conley v. Gibson*, 355 U.S. 41 (1957), wherein dismissal is only warranted if the plaintiff pleads himself out of court.[26]

---

[19] While some authority asserts that federal court pleadings only require "fair notice," the definition utilized by federal courts and the definition utilized by Texas courts are diametrically opposed. See *Horizon/CMS Healthcare Corp. v. Auld*, 34 S.W.3d 887, 896 (Tex. 2000); *Davis v. Quality Pest Control*, 641 S.W.2d 324, 328 (Tex. App.-- Houston [14th Dist.] 1982, writ ref'd n.r.e.).
[20] *Med. Disc. Pharmacy, L.P. v. State*, 2015 WL 4100483 *12 (Tex. App.--Houston [1st Dist.] 2015, no pet.)(merely citing to statute sufficient to allege cause of action).
[21] *Paramount Pipe & Sup. Co. v. Muhr*, 749 S.W.2d 491, 494-95 (Tex. 1988).
[22] See *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009); See also, *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).
[23] *Reaves v. City of Corpus Christi*, 518 S.W.3d 594 (Tex. App.--Corpus Christi 2017, no pet.),
[24] Id. at 612.
[25] *In re Shire PLC,* 633 S.W.3d 1, 22-24 (Tex. App.--Texarkana 2021, mand. denied).
[26] *Reaves* at 611-12.

13. As a result of its lower standard, Texas requires less information to be contained in its pleadings. Thus, parties may plead conflicting claims and defenses in the alternative so long as such claims and defenses possess a reasonable basis in fact and law.[27] General allegations provide fair notice.[28] Vague pleadings also will provide fair notice.[29] Unlike in federal court, conclusory allegations must be considered by a Texas court. "An allegation [of] evidentiary or of legal conclusion shall not be grounds for objection when fair notice to the opponent is given by the allegations as a whole."[30] A plaintiff need not allege all elements of a cause of action.[31]

14. Unlike when a plaintiff is under federal jurisdiction, a plaintiff in a Texas court is not expected to provide all or even most of the factual details to support her claim.[32] In Texas, knowledge of the issues and facts of the lawsuit will be obtained through discovery.[33] As the Texas Supreme Court explained prior to the enactment of the rules providing extensive discovery:

> "Under Texas pleading a petition should allege the ultimate facts constituting the elements of the cause of action relied upon, but it need not be evidentiary. In general, counsel can, if he wishes, say nothing in advance about the evidence he intends to offer to prove the allegation of his petition. Usually he lets the court and his opposition learn the nature of his evidence as he develops it during the trial."[34]

---

[27] *JLG Trucking, LLC v. Garza*, 466 S.W.3d 157, 164 (Tex. 2015).
[28] See, e.g., *Willock v. Bui*, 734 S.W.2d 390, 392 (Tex. App.--Houston [1st Dist.] 1987, no pet.).
[29] See, e.g., *Li v. Pemberton Park Community Ass'n*, 631 S.W.3d 701, 705 (Tex. 2021); *John Deere Indus. Equipment Co. v. McMahon Const. Co., Inc.*, 608 S.W.2d 318, 319 (Tex. Civ. App.--Beaumont 1980, no writ).(Third party complaint for indemnity in this case merely stated, "This Defendant and now Third-Party Plaintiff contends that if the backhoe was defective, it was defective at the time that it was received by this Third-Party Plaintiff and that such defects were unreasonable subjecting the aforesaid Third-Party Defendant to liability under the laws of warranty.... By reason of such breach of duties owing to Third-Party Plaintiff, it is entitled to full indemnity....").
[30] Tex. R. Civ. P. 45(b).
[31] *In re Lipsky*, 460 S.W.3d 579, 590 (Tex. 2015); *Boyles v. Kerr*, 855 S.W.2d 593, 601 (Tex. 1993).
[32] See *Paramount Pipe & Supply Co. v. Muhr*, 749 S.W.2d 491, 494–95 (Tex. 1988).
[33] See *West v. Solito,* 563 S.W.2d 240, 243 (Tex. 1978).
[34] *Arkansas Fuel Oil Co. v. State*, 154 Tex. 573, 280 S.W.2d 723, 725 (1955).

15. Thus, evidence presented at trial need not be mentioned in the plaintiff's pleadings.[35]

16. In Texas, a defendant who argues that plaintiff's pleadings are deficient is required to file special exceptions, request a hearing on those special exceptions, and obtain a ruling. A defendant's failure to do so is fatal to those deficiency complaints, and such waiver is well-established under Texas law.[36]

17. While Texas does not provide a strict deadline after which special exceptions may no longer be asserted, litigants are nevertheless expected to assert them early in the litigation. For example, in *U.S. Fire Ins. Co., v. Lynd Co.,* the non-movant waited until a motion for summary judgment was filed to claim the pleadings failed to provide "fair notice".[37] As a result of such delay, such special exception claims were summarily denied.[38]

18. Even if the defendant asserts special exceptions, the issue is whether the complaining party has received "fair notice".[39] In determining whether "fair notice" was provided, the plaintiff's pleadings are liberally construed.[40] "A liberal construction of the pleadings requires that [courts] not revert back to the super-technical days of the general demurrer but allow [them] to construe pleadings in such a way to support the interest of justice."[41] As the Texas Supreme Court explained:

---

[35] *Talley Const. Co. v. Rodriguez*, 2006 WL 908180 *6 (Tex. App.--Houston [1 Dist.] 2006, no pet.).
[36] Tex. R. Civ. P. 90; See *Shelton v. Kalbow*, 489 S.W.3d 32, 54 n. 28 (Tex. App. – Houston [14th Dist.] 2016, pet. denied).
[37] *U.S. Fire Ins. Co. v. Lynd Co.*, 399 S.W.3d 206 (Tex. App.--San Antonio 2012, pet. denied),
[38] *Id.* at 221.
[39] *Isbell v. Russell*, 2022 WL 52590 *5 (Tex. App.--Corpus Christi 2022, vac by agr.).
[40] *MEI Camp Springs, LLC v. Clear Fork, Inc.*, 623 S.W.3d 83, 90 (Tex. App.--Eastland 2021, no pet.).
[41] *Cox v. Union Oil Co. of California*, 917 S.W.2d 524, 527 (Tex. App.--Beaumont 1996, no writ).

> It is a general rule, so well established as to need no citation of authority, that the petition will be construed as favorably as possible for the pleader. The court will look to the pleader's intendment and the pleading will be upheld even if some element of a cause of action has not been specifically alleged. Every fact will be supplied that can reasonably be inferred from what is specifically stated.[42]

19. Furthermore, under Texas law, the plaintiff possesses the right to amend her pleadings without court intervention. When special exceptions are granted, a party must absolutely be given the right to amend before his or her suit is dismissed.[43] "When there is no action by the trial court sustaining special exceptions, an order granting a dismissal for failure to state a cause of action must be reversed."[44] Texas courts frown upon efforts to circumvent this rule.[45] As a Texas court has explained:

> "We are aware of no authority, nor has any been cited to us, which indicates that the special exception procedure is inapplicable any time a plaintiff modifies or amends the original pleadings before special exceptions have been sustained. Indeed, such a rule would be in gross disaccord with the most protective feature of the special exception procedure-the ability to amend pleadings after the trial court has confirmed, by sustaining special exceptions, that certain identified aspects of the prior pleadings fell short of stating a viable cause of action."[46]

20. Even without special exceptions, a litigant possesses the right to amend his pleadings at almost any time.[47] "The general rule regarding pleading amendments is that the parties may freely amend if the amended pleading is at least seven days before trial."[48] However, if leave

---

[42] *Gulf, C. & S.F. Ry. Co. v. Bliss*, 368 S.W.2d 594, 599 (Tex. 1963).
[43] *Texas Department of Corrections v. Herring*, 513 S.W.2d 6, 10 (Tex. 1974); *Nassar v. Hughes*, 882 S.W.2d 36, 38 (Tex. App.--Houston [1st Dist.] 1994, writ denied).
[44] *Parras v. McLelland*, 846 S.W.2d 44, 45 (Tex. App.--Corpus Christi 1992, writ denied).
[45] See, e.g., *Powers v. Julius O. Smith and Associates, Inc.*, 627 S.W.2d 810, 811 (Tex. App.--Waco 1982, no writ); *Goettee v. McConnell*, 535 S.W.2d 396, 397 (Tex. Civ. App.--Beaumont 1976, no writ).
[46] *Maddox v. City of El Paso, Texas*, 2000 WL 799070 *5 (Tex. App.--El Paso 2000, pet. denied).
[47] Tex. R. Civ. P. 63.
[48] *Tony's Barbeque and Steakhouse, Inc. v. Three Points Investments, Ltd.*, 527 S.W.3d 686, 691 (Tex. App.-- Houston [14th Dist.] 2017, no pet.).

is sought after such deadline, to defeat it, the party opposing the amendment possesses the burden to demonstrate:

    1) the amendment reshapes the nature of the case;

    2) could not have been anticipated; and

    3) prejudices a party's presentation of the case.[49]

## II. "GROUP PLEADING" PROPER IN CONJUNCTION WITH STATE COURT DISCOVERY.

21. Consistent with that procedural foundation, Texas does not require greater specificity when fraud is alleged. General allegations are sufficient.[50] Thus, for example, a plaintiff can merely plead that defendant engaged in fraud.[51] The plaintiff need only allege the elements.[52] For example, in *Neuhaus v. Kain*, the plaintiff claimed fraud by alleging " that the statements and representation made by Barnet B. Skelton . . . were made to the defendants to induce them to sign the earnest money contract…."[53] Such allegation in the live pleading, even though a general allegation and a legal conclusion, was sufficient under Texas law to allege fraud.[54]

22. Likewise, "group pleadings" have been held sufficient under state law.[55] For example, in *Odela Group, LLC v. Double-R Walnut Management, L.L.C.*, the plaintiff's pleading was sufficient to hold the employer liable for fraud, when only the employee was mentioned, and no express allegations against the employer were asserted.[56]

---

[49] *Karam v. Brown*, 407 S.W.3d 464, 476 (Tex. App.--El Paso 2013, no pet.).
[50] *Jang Won Cho v. Kun Sik Kim*, 572 S.W.3d 783, 815 (Tex. App.--Houston [14th Dist.] 2019, no pet.).
[51] *Matter of Marriage of Stallworth*, 2023 WL 1457530 *6 n. 4 (Tex. App.--Corpus Christi 2023, no pet.).
[52] *Stum v. Stum*, 845 S.W.2d 407, 415 (Tex. App.--Fort Worth 1992, no writ)(also holding that allegation of "breach of fiduciary duty" sufficient to hold defendant liable for fraud); see also, *Ferguson v. DRG/Colony North, Ltd.*, 764 S.W.2d 874, 883-84 (Tex. App.--Austin 1989, writ denied).
[53] *Neuhaus v. Kain,* 557 S.W.2d 125 (Tex. Civ. App. – Corpus Christi 1977, writ ref'd n.r.e.),
[54] *Id.* at 133.
[55] See, e.g., *Conestoga Trust Services, LLC v. Focus Medical Underwriters, LLC*, 2022 WL 599344 *2 (Tex. App.--Houston [14th Dist.] 2022, no pet.); *Suarez v. Fernandez*, 2019 WL 1922732 *2 (Tex. App.--Dallas 2019, no pet.).
[56] *Odela Group, LLC v. Double-R Walnut Management, L.L.C.*, 2017 WL 1360209 *4 (Tex. App.—Dallas 2017, no pet.).

23. The discovery process in this case provides the specificity that Defendant now claims to seek through pleadings. Plaintiff and Defendants actively exchanged extensive written discovery: requests for production, interrogatories, and supplemented by full examination by oral deposition. The parties exchanged thousands of pages of documents, and obtained thousands of pages by subpoena. In particular, Plaintiff identified specific misrepresentations by substance and by date range in her responses to Defendants' custom-drafted interrogatories. Plaintiff supplemented and amended her verified responses to the Fuentes Defendants' Interrogatories seven times as the facts of the case were revealed and as the case matured. With each supplement and amendment to Defendants' discovery requests, Plaintiff provided the Fuentes Defendants with more information and even identified documents and email communications by specific bates numbers. Prior to removal to this Court, the proper procedural tool for obtaining the information about which Defendants now complain was insufficient in state court was through the extensive state court discovery process and not through state court pleadings practice. Defendants fully availed themselves of that tool.

24. Accordingly, even though the Fuentes Defendants filed special exceptions to earlier versions of Plaintiff's amended petitions, they never requested and the court never scheduled those special exceptions for hearing; this was likely because of the parties' exhaustive discovery process in state court. The details they now claim to require were provided during the discovery process. <u>Further, the Fuentes Defendants never filed special exceptions to Plaintiff's live Fifth Amended Petition.</u> It is therefore not a valid objection to generally complain that the pleading does not set out enough factual detail if fair notice of the claim is given.[57] This includes hollow complaints about so-called "group pleadings."

---

[57] *Aldous v. Bruss,* 405 S.W.3d 847, 857 (Tex.App. –Houston [14th Dist.] 2013, no pet.).

### III. ANDREINA REASONABLY CONCLUDED HER PLEADINGS UNDER STATE LAW WERE ADEQUATE

25. On December 16, 2020, Plaintiff filed her Original Petition in Harris County, Texas, against Defendants Cogent Energy Services, LLC, Cogent Energy Holdings, LLC, (collectively referred to as "**Cogent**"), and Hector Fuentes alleging unjust enrichment, constructive trust, money had & received, promissory estoppel, and conversion. Defendant Hector Fuentes did not allege special exceptions in his Original Answer filed on March 22, 2021. If Defendant Hector Fuentes did not understand the nature of the case and the evidence probably relevant (including a roster of players), he would have filed special exceptions.

26. Plaintiff obtained more information through the state discovery process. On April 16, 2021, armed with that newly obtained information, Plaintiff filed her First Amended Petition adding additional causes of action, including fraud and unjust enrichment. Again, Defendant Hector Fuentes did not complain about the sufficiency of the pleading by asserting special exceptions. If Defendant Hector Fuentes did not understand the nature of the case and the evidence probably relevant (including a roster of players), he would have filed special exceptions.

27. On March 28, 2022, Plaintiff filed her Second Amended Petition to include three additional Defendants, Charles "Chet" Erwin (Cogent's Chief Executive Officer), David Gutierrez (Cogent's Chief Financial Officer), and Nelson Drake (Senior Vice President of Business Development for Chrisman Acquisitions) to the lawsuit and more causes of action, not because of insufficiencies in her pleading. While Defendant Hector Fuentes filed special exceptions to Plaintiff's Second Amended Petition, he failed to set those special exceptions for hearing, and thus waived any complaint concerning pleading insufficiency.

28. On May 24, 2022, the Defendant Hector Fuentes and Nelson Drake filed a Rule 91A Motion to Dismiss. The case continued to develop through discovery, and on June 2, 2022,

11

the Plaintiff filed a Third Amended Petition to join Cogent's three corporate shareholders, Chrisman Acquisition, Lindsayca, and SRG Group II, as well as an individual, Steve Gill. On July 22, 2022, the state court, probably in response to Defendants Hector Fuentes and Nelson Drake's May 24th motion, ordered that Plaintiff file an amended petition to further elaborate on the alleged misrepresentations. The Plaintiff complied with the Court's order on July 28, 2022, by filing a Fourth Amended Petition.

29. Plaintiff's Fourth Amended Petition added additional facts and liability under Section 4008.052 of the Texas Securities Act. Defendants Hector Fuentes and Nelson Drake did <u>not</u> file any special exceptions to Plaintiff's Fourth Amended Petition. In August 2022, Defendants Lindsayca, Inc. and Chrisman Acquisition, LLC, filed their Answers with special exceptions, however, these defendants did not file a motion, or request a hearing, on those special exceptions. Instead, the wide open Texas discovery process ensued and the parties continued to exchange written discovery.

30. On September 30, 2022, Plaintiff's Fifth Amended Petition was filed without any pending pleading complaints directed at the Fourth Amended Petition. Plaintiff filed her latest state court pleading to include additional information regarding the detailed Cogent financial projections presented to Plaintiff during her investment solicitation by the Fuentes Defendants. <u>Defendants also did not file any special exceptions to Plaintiff's Fifth Amended Petition</u>. Plaintiff reasonably concluded that all Defendants, including Fuentes and Drake, received sufficient fair notice from the Fifth Amended Petition. Plaintiff had no reason to believe the Fifth Amended Petition was insufficient or failed to provide "fair notice" to Defendants.[58]

---

[58] In response to late amended Answers filed by the Defendants asserting new affirmative defenses, on August 18, 2023, Plaintiff sought leave to file a Sixth Amended Petition to "*elaborate on some of the existing causes of action and further refine the facts now that some [additional] discovery has occurred.*" Leave was granted by the State Court but the case was removed to this Court prior to Plaintiff filing the Sixth Amended Petition in state court. The

31. The parties were prepared and announced "ready" for trial in September 2023, and the Fuentes Defendants did not have any complaints regarding Plaintiff's live pleading at that time, nor did they seek to postpone the trial for lack of sufficient information. Accordingly, upon removal, Plaintiff reasonably believed that her pleadings under Texas law were sufficient.

IV.     **PLAINTIFF'S REQUEST FOR LEAVE TO REPLEAD**

   A.  **The Fifth Circuit Encourages The Opportunity to Replead.**

32. "The policy of the federal rules is to permit liberal amendment to facilitate determination of claims on the merits and to prevent litigation from becoming a technical exercise in the fine points of pleading."[59] Fed. R. Civ. P. 15(a)(2) provides that leave to amend should be freely given "when justice so requires." Thus, "in the context of motions to amend pleadings, 'discretion' may be misleading, because Fed. R. Civ. P. 15(a) evinces a bias in favor of granting leave to amend."[60] Accordingly, amendments should be granted unless a substantial reason exists why an amendment should not be granted.[61] "[I]f the information set forth in the complaint does not adequately apprise the defendant of the nature of plaintiff's claim, the court should allow the plaintiff to amend the pleadings to more plainly delineate the cause of action rather than dismiss the complaint."[62] Thus, dismissals under Fed. R. Civ. P. 12(b)(6) and Fed. R. Civ. P. 9 should be without prejudice to replead.[63] Furthermore, leave to amend should be granted when the defendants will not be prejudiced.[64] Because the Fuentes Defendants announced ready for the trial preferentially set in September 2023, it is disingenuous to claim otherwise now.

---

pleading filed as "Plaintiff's Original Complaint" in this proceeding represents the essence of the Sixth Amended Petition that would have been filed in state court if not for the removal.
[59] *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir. 1981).
[60] *Martin's Herend Imports, Inc. v. Diamond & Gem Trading U.S.A. Co.*, 195 F.3d 765, 770 (5th Cir. 1999).
[61] *Bennett v. McDermott International, Inc.*, 855 Fed.Appx. 932, 939 (5th Cir. 2021).
[62] *Sarter v. Mays*, 491 F.2d 675, 676 (5th Cir. 1974).
[63] *Vess v. Ciba-Geigy Corp.*, 317 F.3d 1097, 1108 (9th Cir. 2003).
[64] *Griggs v. Hinds Junior College et al*, 563 F.2d 179, 180 (5th Cir. 1977).

33. If this Court finds that Plaintiff's Original Complaint, the latest live Complaint, is insufficient, under the federal standard, Plaintiff requests leave to amend her Original Complaint.

### B. If this Court Finds Federal Pleading Standards Require More Detail, Plaintiff Requests Leave to Amend

34. The federal rules of civil procedure reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to outcome. Rather, the purpose of pleading is to facilitate proper decision on merits.[65] Although Plaintiff sufficiently plead her causes of action in state court, Plaintiff requests leave to amend her complaint filed with this Court if the Court finds federal pleading standards require more detail in this case.

35. As part of this policy, the federal rules provide that leave to amend should be freely given "when justice so requires."[66] The policy is to "permit liberal amendment to facilitate determination of claims on the merits and to prevent litigation from becoming a technical exercise in the fine points of pleading."[67] Accordingly, litigants are permitted to amend pleadings for a wide spectrum of purposes.[68] Indeed, federal courts have demonstrated considerable leniency in allowing plaintiffs to amend their complaints.[69]

36. If the information set forth in the complaint "does not adequately apprise the defendant of the nature of plaintiff's claim, the court should allow the plaintiff to amend the pleadings to further delineate the allegations rather than to merely dismiss the complaint."[70]

---

[65] *United States v. Hougham*, 364 U.S. 310, 317, 81 S.Ct. 13, 18, 5 L.Ed.2d 8 (1960).
[66] Fed. R. Civ. P. 15(a)(2)
[67] *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir. 1981).
[68] *In re G. Survivor Corp.*, 217 B.R. 433, 436 (Bankr. S.D.N.Y. 1998).
[69] *Ramos v. O'Connell, HSD*, 169 F.R.D. 260, 262 (W.D.N.Y. 1996).
[70] *Sarter v. Mays*, 491 F.2d 675, 676 (5th Cir. 1974).

## CONCLUSION

Due to Defendants' failure to pursue a state court ruling on any special exception regarding Plaintiff's pleadings, they waived such complaints; Plaintiff's state court pleadings are therefore sufficient. Accordingly, Defendants' recent procedural maneuvering must not be countenanced so as to allow the continued concealment of the unexplained disappearance of Plaintiff's money.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court find that Plaintiff's complaint is sufficient, or alternatively, grant Plaintiff's motion for leave to file an amended complaint, and for such other and further relief the Court may deem just and proper.

Dated: March 27, 2024

        Respectfully submitted,

        **CHAMBERLAIN, HRDLICKA, WHITE,**
         **WILLIAMS & AUGHTRY, P.C.**

        By: */s/ David N. Calvillo*
        David N. Calvillo
        Texas Bar No. 03673000
        Tara T. LeDay
        Texas Bar No. 24106701
        1200 Smith Street, Suite 1400
        Houston, Texas 77002
        D: 713.356.1280
        Email: david.calvillo@chamberlainlaw.com
        Email: tara.leday@chamberlainlaw.com

## CERTIFICATE OF SERVICE

I certify that on March 27, 2024, I caused a copy of the foregoing pleading to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas, including the following parties:

SUSMAN GODFREY L.L.P.
William R. H. Merrill
bmerrill@susmangofrey.com
Daniel Wilson
dwilson@susmangodfrey.com
Armando Lozano
alozano@susmangodfrey.com
1000 Louisiana Street, Suite 5100
Houston, Texas 77002-5096

BURFORD PERRY LLP
M. Kevin Powers
kpowers@burfordperry.com
service@burfordperry.com
2 Houston Center
909 Fannin Street, Suite 2630
Houston, Texas 77010

Mark L. Carlton
mark@carltonlaw.net
Law Office of Mark L. Carlton, PLLC
7 Switchbud Place, Suite 192-121
The Woodlands, Texas 77380

*/s/ David N. Calvillo*
David N. Calvillo