IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re:<br><br>**Cogent Energy Services, LLC,**<br><br>Debtor. | § § § § § § | Case No. 23-33659<br><br>Chapter 7 |
| **Andreina Gamez Rodriguez,**<br><br>Plaintiff<br><br>v.<br><br>**Hector Fuentes, Cogent Energy Services LLC, and Cogent Energy Holdings, LLC, et al.,**<br><br>Defendants/Counter Claimants. | § § § § § § § § § § § § § § § | Adv. No. 23-03212 |

**PLAINTIFF'S RESPONSE TO THE FUENTES PARTIES' SUPPLEMENTAL BRIEF IN SUPPORT OF THEIR MOTION TO DISMISS WITH PREJUDICE**

**TO THE HONORABLE JUDGE MARVIN ISGUR, UNITED STATES BANKRUPTCY JUDGE:**

Plaintiff Andreina Gamez Rodriguez ("**Plaintiff**") files *Plaintiff's Response to the Fuentes Parties' Supplemental Brief in Support of Their Motion to Dismiss with Prejudice* ("**Response**"), and respectfully states the following:

### I.    PRELIMINARY STATEMENT

Defendants Hector Fuentes and Nelson Drake (collectively, the "**Fuentes Defendants**") had almost three years to file special exceptions <u>and</u> request a ruling from the state court if they genuinely believed Plaintiff's amended petitions failed to provide them with fair notice. The record is clear: the Fuentes Defendants did not assert special exceptions to Plaintiff's Fourth and Fifth

Amended Petitions. By neglecting to raise special exceptions, they have unequivocally waived their right to claim any pleading insufficiency in state court. Most importantly, the Fuentes Defendants have failed to demonstrate, or even argue, any prejudice from allowing Plaintiff to amend her Complaint. Therefore, the Court should deny their Motion to Dismiss and grant Plaintiff leave to amend her Complaint.

## II.     FACTUAL BACKGROUND

1. Plaintiff provided fair notice to all defendants in her state court petitions, and the Fuentes Defendants waived all state remedies on their special exceptions; in other words, they waived any complaints about Plaintiff's state court pleadings.

2. Plaintiff's causes of action evolved through amendments to her petitions in state court as discovery uncovered the named defendants' intricate scheme. Initially, Plaintiff's Original Petition alleged causes of action against Defendants Cogent Energy Services, LLC, Cogent Energy Holdings, LLC, (collectively referred to as "**Cogent**"), and Hector Fuentes.[1] Subsequent amendments introduced new parties and causes of actions. Early in the litigation, the Fuentes Defendants filed special exceptions to Plaintiff's Third Amended Petition; however, Plaintiff subsequently amended her petitions. Despite these amendments, Defendant Hector Fuentes failed to raise special exceptions to Plaintiff's Fourth and Fifth Amended Petitions. Throughout the development of the case, Plaintiff continued amending her complaint to add additional defendants and causes of action.

3. On May 24, 2022, the Fuentes Defendants filed a Rule 91a Motion to Dismiss, alleging they did not understand Plaintiff's allegations against them.

---

[1] *See* Plaintiff's Original Petition filed December 16, 2020, attached as **Exhibit 1**.

**PLAINTIFF'S RESPONSE TO THE FUENTES PARTIES' SUPPLEMENTAL BRIEF IN SUPPORT OF THEIR MOTION TO DISMISS WITH PREJUDICE**     **PAGE | 2**

4. On June 2, 2022, the Plaintiff filed a Third Amended Petition to join Cogent's three corporate shareholders, Chrisman Acquisition, Lindsayca, and SRG Group II, and Steve Gill.[2]

5. On July 22, 2022, the state court ordered that Plaintiff amend her Third Amended Petition.[3] The state court also separately ordered that Plaintiff provide an amended response to Defendant's interrogatories.[4]

6. On July 28, 2022, the Plaintiff supplemented her allegations by filing a Fourth Amended Petition. As the case had continued to develop, the Fourth Amended Petition added additional facts and refined the liability allegations under the Texas Securities Act. The Fuentes Defendants did not file special exceptions to Plaintiff's Fourth Amended Petition.

7. Instead, the Fuentes Defendants focused on the state court discovery issues, and a few skirmishes occurred with the Plaintiff in that arena. Because of the focused energy of the Fuentes Defendants on discovery matters without any special exceptions, Plaintiff had no reason to believe her Fourth Amended Petition did not provide fair notice to these defendants. In other words, Plaintiff could reasonably conclude her latest live pleading provided sufficient notice.

8. In August 2022, Defendants Lindsayca, Inc. and Chrisman Acquisition, LLC, filed their own answers, with special exceptions directed to Plaintiff's Fourth Amended Petition; however, these defendants did not request a hearing on their special exceptions, and so their special exceptions are also waived.

9. On September 30, 2022, Plaintiff filed her Fifth Amended Petition without any pending hearing requested or order on special exceptions directed at the Fourth Amended Petition.[5]

---

[2] *See* Plaintiff's Third Amended Petition filed May 24, 2022, attached as **Exhibit 2**.

[3] *See* July 22, 2022, Order requiring Plaintiff to amend her petition, attached as **Exhibit 3**.

[4] *See* July 22, 2022, Order Granting Defendants' Motion to Compel, attached as **Exhibit 4**.

[5] *See* Plaintiff's Fifth Amended Petition filed September 30, 2022, attached as **Exhibit 5**.

10. Further, no defendants filed any special exceptions to Plaintiff's Fifth Amended Petition. Plaintiff reasonably concluded, therefore, that all defendants, including the Fuentes Defendants, received fair notice of Plaintiff's allegations. Plaintiff had no reason to believe the Fifth Amended Petition was insufficient or failed to provide "fair notice" to Defendants.

11. Between February 9, 2022, and September 18, 2023, a period of over nineteen (19) months, Plaintiff supplemented her interrogatory responses seven times, producing at least 9,613 documents to the Fuentes Defendants. This extensive depth of detail provided the Fuentes Defendants with abundant notice of Plaintiff's allegations against the Fuentes Defendants.

12. The state court trial was preferentially set to begin in October 2023- before the September 2023 removal to this honorable court- and the Fuentes Defendants did not raise any issues regarding Plaintiff's live petition at that time, nor did they seek to postpone the trial for lack of sufficient information. As evidenced by the Joint Rule 26(F) Status Report prepared for this case, shortly after the time of removal to this Court, the Fuentes Defendants did not indicate to the Plaintiff or this Court that they had any issue with Plaintiff's Fifth Amended Petition.[6] The Joint Rule 26(F) Status Report asked the parties to list all pending motions and issues, and the Fuentes Defendants did not indicate that any pleading issues remained.[7] Accordingly, upon removal to this Honorable Court, Plaintiff reasonably believed that her pleadings under Texas law were sufficient.

### III.   FUENTES DEFENDANTS' MOTION TO DISMISS LACKS MERIT

**A. The Fuentes Defendants waived all special exceptions by not requesting a hearing and obtaining a state court order.**

13. Plaintiff complied with the State Court's Order directing that Plaintiff replead by filing her Fourth Amended Petition. Plaintiff's Fourth Amended Petition cured any defect that the

---

[6] *See* ECF No. 23.

[7] *Id.* at ¶ 19-21.

Fuentes Defendants complained about in their motion to dismiss brought according to Tex. R. Civ. P. 91a.

14.   Although procedurally improper, the Fuentes Defendants filed a Rule 91a motion to dismiss before securing a hearing and a ruling on their special exceptions in the state court action.[8] Further, the Fuentes Defendants' Rule 91a motion to dismiss was also defective because the motion was not directed towards the viability of Plaintiff's pleading of any cause of action. At the Rule 91a hearing on June 21, 2022, counsel for Plaintiff agreed to amend Plaintiff's latest pleading despite the Fuentes Defendants' failure to set their special exceptions for hearing.

15.   Within a week from that hearing, Plaintiff filed her Fourth Amended Petition. If a plaintiff makes a good-faith attempt to cure the defect in an amended petition, the state court cannot strike the objectionable allegations in Texas.[9] Instead, the complaining party must file new special exceptions, set them for hearing, the court must issue a separate order, <u>and</u> the Plaintiff must be given another opportunity to amend his petition before the state court can dismiss.[10] The state court may strike the objectionable allegations if the Plaintiff refuses to amend his petition.[11]

16.   The Plaintiff filed her Fourth Amended Petition on July 28, 2022. Plaintiff concluded the Fuentes Defendants were satisfied with Plaintiff's Fourth Amended Petition. They did not file special exceptions to Plaintiff's Fourth Amended Petition nor Plaintiff's Fifth Amended Petition, much less request that the Court strike any portion of Plaintiff's pleadings. In fact, the Fuentes Defendants' latest answers were filed on June 14, 2022, before the hearing on their motion

---

[8]   *See Shelton v. Kalbow*, 489 S.W.3d 32, 54 n. 28 (Tex. App. – Houston [14th Dist.] 2016, pet. denied) (challenging party must secure a hearing and a ruling on the special exceptions, or else they are waived).

[9]   *Humphreys v. Meadows*, 938 S.W.2d 750, 753 (Tex. App. – Fort Worth 1996, writ denied).

[10]   *Id.*

[11]   *e.g. Cruz v. Morris,* 877 S.W.2d 45, 47 (Tex.App. –Houston [14th Dist.] 1994, no writ).

to dismiss and well before Plaintiff's Fourth and Fifth Amended Petitions became the live pleadings. Thus, their special exceptions were waived, extensive discovery ensued, and the Plaintiff had no reason to believe the Fuentes Defendants maintained they were still not adequately apprised of the nature of Plaintiff's claims against them.

### B. The Fuentes Defendants will not be prejudiced if this Court allows Plaintiff to Amend her Complaint.

17. The Fifth Circuit has held, "if the information set forth in the complaint does not adequately apprise the defendant of the nature of plaintiff's claim, the court should allow the plaintiff to amend the pleadings to more plainly delineate the cause of action rather than dismiss the complaint."[12] The Federal Rules of Civil Procedure provide that leave to amend the complaint should be "freely given when justice so requires."[13] Further, leave to amend should be granted when the defendants are not prejudiced.[14]

18. The Fuentes Defendants' supplemental brief claims that "Plaintiff has had *six* opportunities to amend her claims."[15] However, Plaintiff's amended petitions were filed in state court due to factual and procedural developments uncovered through discovery. The state court ordered Plaintiff to amend her petition on June 22, 2022, which she fully complied with within a week, and no defendant challenged Plaintiff's Fourth or Fifth Amended Petitions in state court. As such, Plaintiff properly amended her complaint when asked to do so. Any special exceptions that would have been pending at that time have been waived due to the defendants' failure to obtain a ruling.

---

[12] *Sarter v. Mays*, 491 F.2d 675, 676 (5th Cir. 1974).

[13] Fed. R. Civ. P. 15(a).

[14] *See Griggs v. Hinds Junior College et al*, 563 F.2d 179, 180 (5th Cir. 1977).

[15] ECF No. 96, at p. 5.

19. The Fuentes Defendants also argue that Plaintiff was on "notice of its deficiencies"[16] when Plaintiff filed its Complaint[17] in this Court, but that is untrue. No special exceptions were pending before the state court at the time of removal. Because Plaintiff had conducted several depositions by the time of removal and defendants filed Answers after the state court pleading deadline with a new allegation, Plaintiff sought and obtained leave from the state court to file a Sixth Amended Petition. Most importantly, Plaintiff and Defendants announced ready for trial in August and September 2023 before the case was removed to this Court.

20. The Fuentes Defendants cannot, <u>and have not</u>, alleged they will be prejudiced if Plaintiff files her amended complaint in this Court. Defendants Hector Fuentes and Drake filed their *Motion to Dismiss* and their *Supplemental Brief in Support of Motion to Dismiss with Prejudice,* alleging Plaintiff's petitions in state court, and her Complaint in this Court, were inadequate.[18] Instead, the Fuentes Defendants focus on obtaining absolution through inappropriate grafting of federal pleading principles onto a state court petition before removal.

21. If Plaintiff is allowed to replead, the Fuentes Defendants will have plenty of time to prepare for a September 2024 trial setting. The discovery period is closed for all parties, so the Defendants cannot complain of particular prejudice or surprise. The Court has indicated it will permit all parties additional time to file dispositive motions. Defendants will not be deprived of any procedural opportunity or remedy if Plaintiff is permitted, as the Fifth Circuit suggests is the preference, to replead with the factual detail provided to the Defendants in the exhaustive discovery process in state court.

---

[16] *Id.* at 3.

[17] Which would have been Plaintiff's Sixth Amended Petition if filed in state court.

[18] *See* ECF Nos. 56 and 96.

22. The Fuentes Defendants announced they were ready for trial in August and September 2023, ostensibly because they had no issue with the Plaintiff's live petition.

## IV. CONCLUSION

Due to the Fuentes Defendants' failure to pursue a state court ruling on any special exception regarding Plaintiff's pleadings, they waived such complaints. Plaintiff's latest Complaint is, therefore, sufficient if the matter were pending in the state court action. Plaintiff respectfully requests that this Honorable Court find that Plaintiff's complaint is adequate, or alternatively, grant Plaintiff's motion for leave to file an amended complaint and for such other and further relief the Court may deem just and proper. Accordingly, the Court should deny Defendants' Motion to Dismiss.

Dated: April 3, 2024

Respectfully submitted,

**CHAMBERLAIN, HRDLICKA, WHITE, WILLIAMS & AUGHTRY, P.C.**

By: */s/ David N. Calvillo*
David N. Calvillo
Texas Bar No. 03673000
Tara T. LeDay
Texas Bar No. 24106701
1200 Smith Street, Suite 1400
Houston, Texas 77002
D: 713.356.1280
E: david.calvillo@chamberlainlaw.com
    tara.leday@chamberlainlaw.com

*Attorneys for Plaintiff*
*Andreina Gamez Rodriguez*

## CERTIFICATE OF SERVICE

I certify that on April 3, 2024, I caused a copy of the foregoing pleading to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas, including the following parties:

SUSMAN GODFREY L.L.P.
William R. H. Merrill
bmerrill@susmangofrey.com
Daniel Wilson
dwilson@susmangodfrey.com
Armando Lozano
alozano@susmangodfrey.com
1000 Louisiana Street, Suite 5100
Houston, Texas 77002-5096

BURFORD PERRY LLP
M. Kevin Powers
kpowers@burfordperry.com
service@burfordperry.com
2 Houston Center
909 Fannin Street, Suite 2630
Houston, Texas 77010

Mark L. Carlton
mark@carltonlaw.net
Law Office of Mark L. Carlton, PLLC
7 Switchbud Place, Suite 192-121
The Woodlands, Texas 77380

*/s/ David N. Calvillo*
David N. Calvillo