United States Bankruptcy Court
Southern District of Texas

**ENTERED**

August 12, 2024

Nathan Ochsner, Clerk

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO: 23-33659 |
| COGENT ENERGY SERVICES, | § | |
| LLC, | § | CHAPTER 7 |
| | § | |
| Debtor. | § | |
| | § | |
| ANDREINA GAMEZ | § | |
| RODRIGUEZ, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | ADVERSARY NO. 23-3212 |
| | § | |
| HECTOR FUENTES, *et al.*, | § | |
| | | |
| Defendants. | | |

### MEMORANDUM OPINION

This case is about whether a plaintiff, after filing her original and six amended complaints should be granted another chance to replead. She should not. This adversary proceeding is dismissed.

### JURISDICTION

The District Court has jurisdiction over this proceeding under 28 U.S.C. § 1334(a). Venue is proper in this District pursuant to 28 U.S.C. § 1409. This is a core proceeding under 28 U.S.C. § 157(b)(2). The dispute has been referred to the Bankruptcy Court under General Order 2012-6.

## BACKGROUND

### I.   PROCEDURAL BACKGROUND

This case was initiated in state court.  Following unfavorable state court rulings, Gamez Rodriguez removed the state court lawsuit to the Bankruptcy Court.  Our ruling depends in part on how Gamez Rodriguez responded to the state court judge's order, and in part on how she conducted her case before this Court.

### A.   State Court Proceedings

Andreina Gamez Rodriguez filed her original complaint in state court on December 15, 2020.  ECF No. 56-1.  The suit was against Defendants Hector Fuentes, Cogent Energy Services, LLC, and Cogent Energy Holdings, LLC.  *Id.*  Subsequent amendments introduced new parties and causes of actions.  The heart of her allegations is that Gamez Rodriguez was defrauded into investing in Cogent Energy Services, a coil-tubing company.  ECF No. 56 at 3.

Since filing her initial lawsuit in state court, Gamez Rodriguez has amended her suit six times.

The first five amended petitions were filed in state court.  The first amended petition was filed on April 16, 2021.  ECF No. 56-2.  The second amended petition was filed on March 28, 2022.  ECF No. 56-3.  The third amended petition was filed on June 2, 2022.  ECF No. 56-4.  The fourth amended petition was filed on July 28, 2022.  ECF No. 56-5.  The fifth amended petition was filed on September 30, 2022.  ECF No. 56-6.

Defendants Hector Fuentes and Clarence Nelson Drake moved to dismiss the second amended petition on May 25, 2022.  ECF No. 97-2.  The motion raised two primary bases for dismissal: (i) Plaintiff's failure to specify which statements were made by those Defendants; and (ii) Plaintiff's persistent group pleading.  *Id.* at 8 –9.  The state court ruled on July 22, 2022, as follows:

> The Court ORDERS Plaintiff to replead their causes of
> action to indicate which claims are being asserted against
> which defendants. Further the Court ORDERS that when
> the Plaintiff alleges misrepresentation, the Plaintiff needs
> to specify the misrepresentations they are asserting the
> Defendant(s) made that Plaintiff relied upon. Plaintiff
> needs to file their amended petition to comply with this
> order by July 28, 2022.

ECF No. 97-4.

In response to this order, Gamez Rodriguez filed her fourth amended petition on July 28, 2022. ECF No. 56-5. That petition fails to comply with the state court order. *See Id.* ¶ 30. Her fifth amended petition repeated the deficiencies. *See* ECF No. 56-6 ¶ 38.

On March 28, 2023, the state court granted summary judgment against Gamez Rodriguez as to any alleged written misrepresentations made by Fuentes or Drake. ECF No. 56-7 at 6:7–9.

When Gamez Rodriguez removed the lawsuit to this Court, the prior summary judgment left her in a position where she was only permitted to allege oral misrepresentations or material omissions. *See Ramirez v. Rodriguez (In re Ramirez)*, 2010 WL 1904270, at *6 (Bankr. S.D. Tex. May 11, 2010) ("A federal court accepts the [removed] case in its current posture as though everything done in state court had in fact been done in the federal court[.]") (internal quotation marks omitted).

### B.    Current Complaint and Motion to Dismiss

On September 22, 2023, Gamez Rodriguez removed the lawsuit to this Court. ECF No. 1. She then filed her sixth amended complaint on October 20, 2023. The document is styled as "Plaintiff Andreina Gamez Rodriguez's Original Complaint." ECF No. 16.

The complaint seeks relief on the following grounds: (1) common law fraud; (2) statutory fraud; (3) unjust enrichment; (4) violation of § 4008 of the Texas Securities Act ("TSA"); (5) secondary aider liability

under the TSA; (6) secondary control person liability under the TSA; (7) negligence; and (8) negligent misrepresentation.  ECF No. 16 at 12–18. Gamez Rodriguez also seeks: (9) constructive trust, (10) rescission, and (11) veil piercing.  *Id.* at 18.

The current complaint repeats the group pleading deficiencies. *See id.*  Gamez Rodriguez alleges: "Defendants sought investors for Cogent," ¶ 15; "Defendants sought out Andreina for the purpose of extracting money from her," ¶ 16; "Defendants pressured Andreina to invest in Cogent," ¶ 16; "Defendants made elaborate presentations to Andreina," ¶ 17; "Defendants intentionally failed to disclose any of these lawsuits to Andreina prior to soliciting and receiving her 'investment,'" ¶ 18; "Defendants made various assurances and representations to Andreina regarding Cogent's . . . material matters [which were] false and misleading," ¶ 26; "Defendants' false representations were conveyed or communicated by e-mail, text, and during numerous in-person meetings where all Defendants were usually present," ¶ 27; and "Defendants concealed significant financial facts," ¶ 28.

On January 22, 2024, Defendants moved to dismiss all claims against them for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6).  ECF No. 56 at 9. Defendants argue that the complaint fails to plead fraud with particularity as required by Federal Rule of Civil Procedure 9(b).  *Id.* at 10.  Defendants also identified the group pleading infirmities in the complaint.  *Id.* at 12–13.

On February 12, 2024, Gamez Rodriguez responded to the motion to dismiss.  ECF No. 77.  She seeks application of the "peculiarly within the defendants' knowledge" exception.  *Id.* at 11.

Gamez Rodriguez asserts that her complaint meets Rule 9(b)'s pleading standards and, "should the Court still find pleading deficiencies, Plaintiff requests leave to replead so that she can cure any remaining problems."  *Id.*

The deadline for her to amend pleadings was March 4, 2024. ECF No. 34 at 1.

Two days after Plaintiff's deadline had passed, on March 6, the Court held a hearing on the motion to dismiss.

At the hearing, Plaintiff's counsel stated:

May it please the Court, Your Honor, with respect to the number of petitions that were made in State Court, yes, the Plaintiff availed herself of her rights under the Texas Rules of Civil Procedure and amended as the case developed.

We have one complaint that we filed in this court. And while in hindsight, yes, there may be some things that could be more narrowly tailored, you know, upon scrutiny, we believe at an absolute minimum, we have the right, we should have the right to amend given the fact of, you know, the nature of what's happened here, is that our client's been deprived of $3 million of her money, and nobody's to account.

ECF No. 94 at 26:12–23.

The Court asked Gamez Rodriguez's counsel whether she was "required in State Court to give the specifics . . . on a Defendant-by-Defendant basis[.]" *Id.* at 27:12–14. In response, Plaintiff's counsel stated: "Not in the petition itself[.]" *Id.* at 27:15. The Court identified the complaint's fatal flaw as "you can't read this complaint and tell who did what when." *Id.* at 28: 6–7.

Adjourning the hearing, the Court stated:

[T]he only issue that I need to worry about is whether I should grant leave to re-plead. If the first opportunity was the pleading that was filed here on October 2[0]th of 2023, that will be different than if there had been, in

fact, . . .plenty of notice to them that their complaint was defective under state law, and they didn't cure it.

*Id* at 34.

## LEGAL STANDARD

### I.    MOTION TO DISMISS

Federal Rule of Civil Procedure 12(b)(6) "permits dismissal of complaints that fail to state a claim upon which relief can be granted." *Infinity Emergency Mgmt. Grp, LLC, v. Neighbors Health System, Inc., (In re Neighbors Legacy Holdings, Inc.)*, 645 B.R. 864, 878 (Bankr. S.D. Tex. 2022). Rule 12(b) is applied to adversary proceedings by Federal Rule of Bankruptcy Procedure 7012(b).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Plausibility, at the Rule 12(b)(6) stage, does not mean possibility." *Neighbors Legacy Holdings*, 645 B.R. at 878 (internal quotation marks omitted). Thus "[a] complaint that offers bare legal conclusions, unsupported by well-pleaded factual allegations establishing a plausible basis for relief, must be dismissed." *Id.*

### II.    PLEADING FRAUD

Unlike the general pleading standard where plausibility survives a motion to dismiss, "Rule 9 demands that and more of a plaintiff alleging fraud." *Id.* Under Rule 9(b), "a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). Rule 9(b) is applied to adversary proceedings by Federal Rule of Bankruptcy Procedure 7009.

The Fifth Circuit "interprets Rule 9(b) strictly[.]"   *Herrmann Holdings Ltd. v. Lucent Techs. Inc.*, 302 F.3d 552, 564 (5th Cir. 2002). In the Fifth Circuit, "the Rule 9(b) standards require specificity as to the statements (or omissions) considered to be fraudulent, the speaker, when and why the statements were made, and an explanation why they are fraudulent." *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005). "Put simply, Rule 9(b) requires the complaint to set forth 'the who, what, when, where, and how' of the events at issue." *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 339 (5th Cir. 2008).

In some cases, fraud may be pled on information and belief where "the facts relating to the alleged fraud are peculiarly within the perpetrator's knowledge." *U.S. ex rel. Thompson v. Columbia/HCA Healthcare Corp.,* 125 F.3d 899, 903 (5th Cir. 1997). However, the Fifth Circuit has "also warned that this exception 'must not be mistaken for license to base claims of fraud on speculation and conclusory allegations.'" *Id.* (quoting *Tuchman v. DSC Communications Corp.*, 14 F.3d 1061, 1068 (5th Cir. 1994)).

"Fraud allegations must be specific as to each defendant . . . . Group pleadings have long been found to be insufficient." *Michael Van Deelen v. Dickson (In re McDermott Int'l, Inc.)*, 2023 WL 8215341, at *9 (S.D. Tex. Jan. 9, 2023); *see also Neighbors Legacy Holdings*, 645 B.R. at 878 (finding that group pleading "is in tension with Rule 9(b)'s general requirement that a complaint for fraud must specify the 'who, what, where, when, and how of the alleged fraud."); *United States v. Lakeway Reg'l Med. Ctr., LLC*, 2020 WL 6146571, at *2 (W.D. Tex. Feb. 13, 2020) (disapproving of "shotgun pleadings" that "attribute[] discrete actions . . . to all or multiple defendants without explaining the basis for such grouping or distinguishing between the relevant conduct of the named Defendants") (internal quotation marks omitted). Thus, "[w]hen multiple defendants are alleged to have committed fraudulent acts, a party claiming fraud must plead with sufficient particularity attribution of the alleged misrepresentations or omissions to each defendant[.]" *Hidden Values, Inc. v. Wade*, 2012 WL 1836087, at *4 (N.D. Tex. May

18, 2012).  The Fifth Circuit "do[es] not construe allegations contained in the Complaint against the 'defendants' as a group as properly imputable to any particular individual defendant unless the connection between the individual defendant and the allegedly fraudulent statement is specifically pleaded." *Southland Sec. Corp. v. INSpire Ins. Solutions, Inc.*, 365 F.3d 353, 365 (5th Cir. 2004).

## III.   MOTION TO REPLEAD

Rule 15 permits a party to amend its pleading "only with the opposing party's written consent or the court's leave.  The court should freely give leave when justice so requires."  Fed. R. Civ. P. 15.  Rule 15 is applied to adversary proceedings by Federal Rule of Bankruptcy Procedure 7015.

In the Fifth Circuit, "[a] court may deny a request to amend based on a plaintiff's 'undue delay' or 'repeated failure to cure deficiencies by [prior] amendments.'"  *Neighbors Legacy Holdings*, 645 B.R. at 894 (quoting *Life Partners Creditor's Trust v. Cowley (In re Life Partners Holdings, Inc.)*, 926 F.3d 103, 125 (5th Cir. 2019)).  Where a plaintiff is "aware of the defendants' objections to their complaint as written" and only "tack[s] on a general curative amendment request to the end of their response in opposition to the defendants' motion to dismiss" without "demonstrat[ing] to the court how they would replead," a district court is well within its discretion to deny leave to amend. *Goldstein v. MCI WorldCom*, 340 F.3d 238, 254–55 (5th Cir. 2003).

In this case, the Court inherits the removed state court case in the posture that existed on the date of removal.  *Nissho-Iwai Am. Corp. v. Kline,* 845 F.2d 1300, 1303–04 (5th Cir. 1988).  The Court should not ignore the multiple attempts to amend that were undertaken by Gamez Rodriguez prior to removal.  *See id.*

# DISCUSSION

## I. FRAUD CLAIMS

Although only two of Gamez Rodriguez's causes of action are styled as fraud claims—common law fraud and statutory fraud—the majority of her complaint rests upon a theory of fraud. As the state court identified in its July 22, 2022, order, her complaint fails to specify "which claims are being asserted against which defendants[,]" and which "misrepresentation they are asserting the Defendant(s) made that Plaintiff relied upon." ECF No. 97-4. That was over two years— and three complaints—ago.

When asked by this Court whether the State Court had ever required Gamez Rodriguez to amend her pleadings "to give the specifics . . . on a Defendant-by-Defendant basis[,]" Plaintiff's counsel stated: "Not in the petition itself[.]" ECF No. 94 at 27:12–14 & 27:15. Evidently, that was not correct. Nevertheless, Plaintiff's counsel conceded that "in hindsight, yes, there may be some things that could be more narrowly tailored," and asked for a chance to replead. *Id.* at 26:12– 23. But the July 22, 2022, order put Gamez Rodriguez on notice for almost two years that she needed to bring her fraud claims up to snuff.

On December 21, 2023, the Court issued its Comprehensive Scheduling, Pre-Trial and Trial Order. ECF No. 34. Paragraph 5 of that order set a deadline of March 4, 2024, to amend pleadings.

On January 22, 2024, the Defendants moved to dismiss this lawsuit based on (among other things) the failure of the complaint to meet Rule 9 standards. ECF No. 56. On January 26, 2024, the Court set that motion for a hearing to be held on March 6, 2024. Plaintiff hopes to shield her complaint from dismissal with the "peculiarly within the defendants' knowledge" exception. ECF No. 77 at 11. But if she cannot plead fraud with particularity, she cannot use discovery to get there. *Williams v. WMX Techs., Inc.*, 112 F.3d 175, 178 (5th Cir. 1997) ("Directly put, the who, what, when, and where must be laid out *before* access to the discovery process is granted.") (emphasis in original);

*Rangel v. Adtalem Glob. Educ., Inc.*, 2018 WL 11405519, at *1 (W.D. Tex. Oct. 11, 2018) ("In denying Plaintiff's motion, the Court also noted the breadth of Plaintiff's discovery requests and the prohibition on using early discovery to aid a plaintiff in pleading claims governed by Rule 9(b)'s heightened pleading standard."). Gamez Rodriguez will not be granted a "license to base claims of fraud on speculation and conclusory allegations." *U.S. ex rel. Thompson*, 125 F.3d at 903.

Gamez Rodriguez has never identified *how* she would change her complaint to comply with Rule 9(b). This may be because she "believe[s] that [the complaint] sets forth cause[s] of action and . . . taken together with the discovery, taken together, it should answer all of the questions that [the Defendants] have as to what is being alleged against them." ECF No. 94 at 31:6–10. That is no path to Rule 9(b) compliance.

While Rule 15 encourages courts to grant leave to replead "freely . . . when justice so requires[,]" the Fifth Circuit cautions against amending pleadings for plaintiffs like Gamez Rodriguez. Fed. R. Civ. P. 15. Plaintiff's "repeated failure to cure deficiencies by [prior] amendments" have perpetuated "undue delay." *In re Life Partners Holdings, Inc.*, 926 F.3d at 125. She has had multiple opportunities to cure the deficiencies, ever "aware of the [D]efendants' objections to [her] complaint as written." *Goldstein*, 340 F.3d at 255. And she simply "tack[s] on a general curative amendment request to the end of [her] response in opposition to the [D]efendants' motion to dismiss" without "demonstrat[ing] to the court how [she] would replead." *Id.; see* ECF No. 77 at 11 ("Finally, should the Court still find pleading deficiencies, Plaintiff requests leave to replead so that she can cure any remaining problems.").

Similarly, Gamez Rodriguez generally asks for leave to amend. She does not attach a draft complaint, and never suggests the facts that she could allege that would meet the Rule 9 standard.

Gamez Rodriguez has been on notice of her group pleading deficiencies and her failure to plead fraud with particularity since

Defendants' May 25, 2022, motion to dismiss her second amended complaint. She has been under an obligation to comply with the state court order since it was issued on July 22, 2022, until—and indeed after—her removal on September 22, 2023. Gamez Rodriguez has had ample opportunity to plead fraud with particularity.

### A.   Common Law Fraud

Gamez Rodriguez alleges "each of the Defendants . . . individually and collectively on behalf of Cogent, made material false representations to Andreina and Defendants knew the representations were deceptive and inaccurate." ECF No. 16 ¶ 36.

Gamez Rodriguez fails to identify which Defendant made which representation when or where. Her common law fraud claim fails to meet Rule 9(b)'s heightened pleading standard.

### B.   Statutory Fraud

Gamez Rodriguez alleges "each Defendant, individually and collectively on behalf of Cogent, made, as set forth above, false representations of past or existing material facts or made false promises with the intention of not fulfilling the promises." ECF No. 16 ¶ 38.

She fails to identify which Defendant made which representation or promise when or where. Her statutory fraud claim fails to meet Rule 9(b)'s heightened pleading standard.

## II.   FRAUD-BASED CLAIMS

The following are Gamez Rodriguez's other causes of action. Notwithstanding their names, each is based on a theory of fraud and, therefore, obligated to meet Rule 9(b)'s heightened pleading standard.

### A.   Unjust Enrichment

Gamez Rodriguez alleges "Defendants' conduct constitutes unjust enrichment." ECF No. 16 ¶ 44.

"A party may recover under the unjust enrichment theory when one person has obtained a benefit from another by fraud, duress, or the taking of undue advantage." *Heldenfels Bros., Inc., v. City of Corpus Christi*, 832 S.W.2d 39, 41 (Tex. 1992). The factual basis of her unjust enrichment claim is that "[a]s a result of their conduct, Defendants received monies which, in good conscience and equity, belong[] to Andreina." ECF No. 16 ¶ 47. Gamez Rodriguez did not specify the theory of unjust enrichment she is pursuing. Nonetheless, there are no facts supporting a duress or taking of undue advantage theory. The only factual basis in the complaint is the alleged fraudulent conduct.

Plaintiff fails to plead fraud in accordance with Rule 9(b). The claim for unjust enrichment is baseless.

### B.    Texas Securities Act Primary Liability

Gamez Rodriguez alleges Defendants violated § 4008.052 of the Texas Securities Act. ECF No. 16 ¶ 49. Section 4008.052 of the TSA states:

> (a) Except as provided by Subsection (c) a person who offers or sells a security and from whom another person buys the security is liable to the buyer of the security . . . if the person offers or sells the security by means of an untrue statement of a material fact or an omission to state a material fact necessary in order to make the statements made, in light of the circumstances under which they are made, not misleading.

Tex. Gov't. Code § 4008.052.

The United States District Court for the Northern District of Texas, relying on a Fifth Circuit panel's opinion, held that securities fraud claims under the TSA must meet Rule 9(b)'s heightened standard. *Billitteri v. Securities America, Inc.*, 2010 WL 6785484 (N.D. Tex. July 26, 2010). In the Fifth Circuit case, *Dorsey v. Portfolio Equities, Inc.*, the plaintiff's state law claims included state securities fraud claims.

*Dorsey,* 540 F.3d 333.  After the district court dismissed all but one of the plaintiff's claims for failure to state a claim, the plaintiff sought appeal only for the dismissal of his claims for fraud under the federal securities law and Texas state law.  *Id.* at 338.  "With respect to Dorsey's claims for violations of the Texas Securities Act, the panel opinion implicitly supports the application of Rule 9(b)."  *Billitteri*, 2010 WL 6785484, at *4 (citing *Dorsey*, 540 F.3d at 343–44).  Although the Fifth Circuit held that the plaintiff was not required to plead scienter, it explained the plaintiff "alleged all of the elements of Texas securities fraud under the TSA with sufficient particularity, [so] his claims against [the defendant] acting as a seller . . . should not have been dismissed." *Dorsey*, 540 F.3d at 344.

The *Billitteri* court stated: "This court is persuaded by the analysis of *Dorsey*[.]  A plaintiff alleging a violation of Texas securities fraud under the TSA, that is, a violation of article 33 of the TSA, must satisfy the heightened pleading requirements of Rule 9(b)."  *Billitteri*, 2010 WL 6785484, at *5 (internal quotation marks omitted).  We read § 4008.052's requirement of "an untrue statement of a material fact or an omission to state a material fact"—in light of *Dorsey*'s reasoning—to mean Rule 9(b)'s heightened pleading standard applies to a § 4008.052 claim.

Because Gamez Rodriguez has failed to plead in compliance with Rule 9(b), her claim for primary liability under the TSA fails.

### C.   TSA Secondary Aider Liability and Control Liability

Gamez Rodriguez alleges "Defendants' acts and omissions violated § 4008.055(c) of the Texas Securities Act" which holds aiders jointly and severally liable with sellers.  ECF No. 16 ¶ 54.  Plaintiff also alleges "Defendants' acts and omissions violated [§] 4008.055(a) of the Texas Securities Act" which holds control persons jointly and severally liable with sellers.  ECF No. 16 ¶ 56.

"The Texas Securities Act establishes both primary and secondary liability for securities violations."  *Sterling Tr. Co. v.*

*Adderley*, 168 S.W.3d 835, 839 (Tex. 2005). "Secondary liability is derivative liability for another person's securities violation; it can attach to either a control person . . . or to an aider[.]" *Id.*

"Because secondary liability is derivative liability for another person's securities violation, before a party can be held secondarily liable, there must first be a primary violation." *Brooks v. United Dev. Funding III, L.P.*, 2020 WL 6132230 (N.D. Tex. April 15, 2020).

Because her primary liability claims fail to meet Rule 9(b)'s heightened pleading standard, Gamez Rodriguez's secondary aider liability and control liability claims also fail.

### D.   Negligence

Gamez Rodriguez asserts "Defendants were negligent" because they "owed a duty to not mislead Andreina." ECF No. 16 ¶ 64. She sets forth numerous theories of breach on the part of Defendants. However, what she describes as negligence are nothing more than claims for fraud. Her assertion that she was misled by Defendants can only be read, in light of her complaint, as Defendants *intentionally* misleading her— another way of describing fraud.

"Rule 9(b) applies to all cases where the gravamen of the claim is fraud even though the theory supporting the claim is not technically termed fraud." *Strickland v. Bank of New York Mellon*, 2020 WL 42354, at *2 (N.D. Tex. Jan. 3, 2020). Gamez Rodriguez's complaint fails to plead any facts of *non*-intentional misleading. The only kind of misleading averred is intentional misleading, which is the "gravamen of . . . fraud even though the theory supporting the claim" is stated as negligence. *Id.* She fails to meet Rule 9(b)'s heightened pleading standard.

### E.   Negligent Misrepresentation

Gamez Rodriguez alleges "Defendants engaged in negligent misrepresentation by making statements recklessly, and providing false or misleading information in the course of business. Defendants also

did not exercise reasonable care or competence in communicating information to Andreina as described above."  ECF No. 16 ¶ 65.

We find instructive the Northern District of Texas' holding in *Hoffman v. AmericaHomeKey, Inc.*

> When claims for fraud and negligent misrepresentation are based on the same set of alleged facts, Rule 9(b)'s heightened pleading standard generally applies to both. The Court acknowledges that some courts, including the Fifth Circuit, have expressed doubt as to whether this rule applies in all circumstances[.]  The Court does not need to consider whether Rule 9(b) is properly applied to Plaintiffs' negligent misrepresentation claims here, however, because . . . they are based on almost exactly the same factual averments[.]    Plaintiffs' fraud and negligent misrepresentations claims are so intertwined that it would be impossible to remove the inadequate fraud averments while preserving a viable negligent misrepresentation claim.  Plaintiffs' negligent misrepresentation claims fail to satisfy Rule 9(b) for the same reasons as its fraud claims above[.]

*Hoffman v. AmericaHomeKey, Inc.,* 23 F. Supp. 3d 734, 747 (N.D. Tex. 2014) (citations omitted).

Gamez Rodriguez's fraud and negligent misrepresentation claims are too intertwined for us to excise her negligent misrepresentation facts from her inadequate fraud averments.  *See id.*  Her negligent misrepresentation claims fail to meet Rule 9(b)'s heightened pleadings standard.

## F.    Constructive Trust

Gamez Rodriguez asserts she "is entitled to a constructive trust on any property purchased by Defendants with the monies provided to them and remaining in their possession."  ECF No. 16 ¶ 68.

Three elements are generally required for a constructive trust to be imposed under Texas law. The party requesting a constructive trust must establish the following: (1) breach of a special trust or fiduciary relationship or actual or constructive fraud; (2) unjust enrichment of the wrongdoer; and (3) an identifiable res that can be traced back to the original property.

*KCM Fin. LLC v. Bradshaw*, 457 S.W.3d 70, 87 (Tex. 2015).

Gamez Rodriguez sets out no theory of breach of special trust or breach of fiduciary relationship in her complaint. Her only avenues to constructive trust are actual fraud or constructive fraud. Because she has not met Rule 9(b)'s heightened pleading standard for either actual or constructive fraud, her request for a constructive trust fails.

### G.    Rescission

Gamez Rodriguez asserts "[d]ue to the misrepresentations and fraudulent conduct on the part of Defendants, Andreina is entitled to rescission of the contract pursuant to common law and the Texas Securities Act." ECF No. 16 ¶ 69. Her request for rescission predicated upon fraud fails because she has not pled fraud with particularity.

### H.    Veil Piercing

Gamez Rodriguez seeks to pierce the corporate veil and hold Defendant Cogent Energy Holdings liable for all amounts owed by Defendants Cogent Energy Services "[b]ecause of the nature of the relationship between them." ECF No. 16 ¶ 71.

Section 21.223(b) of the Texas Business Organizations Code—the veil piercing statute—predicates veil piercing on actual fraud. The provision states that liability is not limited if the plaintiff "demonstrates that the holder, beneficial owner, subscriber, or affiliate caused the corporation to be used for the purpose of perpetrating and did perpetrate an actual fraud on the obligee primarily for the direct personal benefit of the holder, beneficial owner, subscriber, or affiliate." Tex. Bus. Orgs.

Code Ann. § 21.223(b) (West); *see Keyes v. Weller*, 67 Tex. Sup. Ct. J. 1357 (2024).

As her fraud claims fail, so too does her request to pierce the corporate veil.

### III.   DISMISSAL WITH PREJUDICE

Federal Rule of Civil Procedure 41(a)(2) allows courts to dismiss lawsuits with prejudice.  "Dismissal with prejudice is appropriate only where there is a showing of (a) a clear record of delay or contumacious conduct by the plaintiff, and (b) where lesser sanctions would not serve the best interests of justice." *Gates v. Strain*, 885 F.3d 874, 883 (5th Cir. 2018) (internal quotation marks omitted).

The history of this case and Gamez Rodriguez's six amended complaints demonstrate a clear record of delay.  Her failure to comply with the state court's July 22, 2022, order, especially when she amended her complaint three times thereafter, is a clear record of troubling conduct.  A dismissal without prejudice would not serve the best interests of justice.  Dismissal with prejudice is appropriate pursuant to Rule 41(a)(2) and under Fifth Circuit law.

### CONCLUSION

A separate order will be entered.

SIGNED 08/12/2024

_____
Marvin Isgur
United States Bankruptcy Judge